[No. 9802. Department One.— October 29, 1885.]

## A. C. TAYLOR et. al., Appellants, *v.* CENTRAL PACIFIC RAILROAD COMPANY et. al., Respondents.

FINDINGS—ADMISSIONS IN PLEADING.—No findings are necessary as to facts admitted by the pleadings.

POSSESSION— WHEN IMPARTS NOTICE.—Possession of land, in order to impart notice of the rights and equities of the holder, must be actual, open, exclusive, notorious, and visible.

CONTRACT FOR PURCHASE of LAND—ACTION TO ENFORCE—FINDINGS.—The action was brought by the plaintiffs, suing as husband and wife, to compel the defendant Davis to assign a contract for the purchase of certain land owned by the Central Pacific Railroad Company, and to require the company to convey the land to them. The plaintiffs claimed to have a prior right to purchase the land under an alleged contract entered into by the company with the wife, which contract was founded upon an alleged acceptance of, and compliance with the conditions of a circular issued by the company. The court found that the company had issued a circular in which it invited persons to settle upon and improve its lands, and promised that those so doing, and who should file applications therefor, should be preferred purchasers. The court further found that no application to purchase had been filed by the wife, and that she never settled upon or improved the land, as required by the circular. *Held*, that the findings were sustained by the evidence.

ID.— EVIDENCE— DECLARATIONS OF VENDOR.— On the trial of the action, the plaintiffs offered to prove certain declarations made by the officers of the company in reference to a sale of the land. It did not appear from the offer whether the declarations were made before or after the execution of the contract for the purchase by the defendant Davis, nor was he shown to have been present at or to have had any knowledge of the declarations. *Held*, that the evidence was properly rejected.

ID.— NOTICE— POSSESSION.—The defendant Davis testified that at the time of his contract to purchase, he had no knowledge that any portion of the land had been enclosed by the plaintiffs, or that they had made any application for the purchase thereof. *Held*, that the evidence was admissible as tending to show that the defendant had no notice of the alleged equities of the plaintiffs.

ID.— DEFAULT — JUDGMENT—TRUSTEE—LEGAL TITLE.—The company having failed to answer, its default was entered, and findings and a judgment were subsequently rendered in favor of the defendant Davis. *Held*, that the company was a trustee, holding the legal title to the land for him, and that if the plaintiffs were not entitled to relief as against him, they could not enforce a deed from his trustee.

APPEAL from a judgment of the Superior Court of Tehama County, and from an order refusing a new trial.

The facts are stated in the head-notes and opinion.

*John F. Ellison,* for Appellants.

*J. T. Matlock, Clay W. Taylor,* and *Creed Haymond,* for Respondents.

SEARLS, C.—This is an action to compel Charles Davis, one of the defendants, to assign to plaintiffs a contract for the purchase of certain railroad lands, entered into by the Central Pacific Railroad Company with said Davis, and to require said Central Pacific Railroad Company to convey said land to plaintiffs upon their making full payment therefor.

The cause was tried by the court without a jury, and upon the findings a judgment for costs was rendered in favor of defendant Davis.

From this judgment, and from an order denying a new trial, plaintiffs appeal.

Objection is taken to a portion of the fourth finding of the court, which is as follows:—

"That heretofore, and prior to June 25, 1883, said defendant, the Central Pacific Railroad Company, issued and had distributed a circular by which it invited people to settle upon and improve its lands, and promised that should they do so, the persons so settling and improving said lands, *and who should file applications therefor,* should be preferred purchasers for said lands when they were offered for sale by said company."

The objection is aimed at the words in italics, which it is claimed are not warranted by the evidence.

The contention of appellants is, that in the circular of the railroad company, which is the only evidence on the subject, it nowhere appears that those "who filed applications" should be preferred purchasers.

The circular in question (which is too long for insertion here) commencing at page 27 of the Transcript, provides that "all persons who desire to purchase lands from the railroad company should make application to the land agent at the land office of the company in San Francisco, Cal., either personally or by letter, describing the land by section, etc. . . . . .

"This application will be filed and the land will not be sold without giving the applicant thirty days' previous notice.

"An application for land confers no right or privilege on the applicant. It is merely a notice that he wishes to buy.

"The first application is not given precedence. . . . . .

"Settlers and actual occupants who in good faith cultivate and improve lands belonging to the company will generally be

given preference of purchase at the regular price, and they are invited to settle upon and improve the vacant lands, whether they are applied for or not by other persons. . . . .

"Applications to purchase lands can be filed in the land office of the company at any time after survey by the government, but no application will be acted upon until three months after . . . . plats shall have been filed. . . . .

"Blank applications will be furnished.. . . . .

"In filling in blanks it is requested that," etc.

From the foregoing extract it would appear that the railroad company was desirous of selling its lands; that it invited actual settlers and informed them that generally such settlers would be given a preference.

It also invited applications for purchase, announced that they would file them — that blanks would be furnished — gave instructions as to the mode of filing them.

It specified that an application would confer no right or privilege on the applicant.

From these and other clauses in the circular we draw these conclusions : —

1. The company did not desire to fix an iron-clad set of rules, applicable to all cases, without exception.

2. That its mode of selling was through applications to purchase, filed in its land office.

3. That to actual settlers on its lands who were such applicants for purchase, a preference would usually be given, whether they were the *first applicants* or not.

4. The provisos that an application to purchase conferred no right, and that the first application is not given precedence over those which may be filed later, were inserted the better to enable the company to carry out its object of giving a preference to actual settlers.

If the contention of the appellants can be supported, and an actual settler upon railroad lands could hold without an application to purchase, then, under the rules, he need never apply to purchase. His possession and improvements would constitute a bar to the purchase by others, and he might continue to hold forever, or at least until some new rule was formulated.

It is usually understood that two parties are essential to every contract of sale, a seller and a buyer; that their wishes and intentions must concur to effect such sale.

In the present case the evidence of such concurrence on the part of the purchaser is to be found in his application to purchase.

We are of opinion, therefore, that the finding of the court below was amply supported by the evidence, and that any other deduction not in consonance therewith would have been unwarranted.

The fifth finding is to the effect that said plaintiff failed and neglected to accept and comply with the terms offered by the company, that she never filed or offered to file any application for the land.

That she never entered upon or cultivated, or put valuable improvement upon the land, save and except that about twenty acres of said tract was within the enclosure of plaintiff, which enclosed other and adjoining land owned by her, and that of the twenty acres thus enclosed some twelve acres were planted in alfalfa.

So far as the objection to this finding is based upon the same theory as that advanced against No. 4, nothing in addition need be said, except that the evidence as to whether plaintiff ever at any time made an application to purchase the land was conflicting.

There was testimony tending to show that no application whatever was on file at the land office, and that up to the time of the sale of the land, the railroad company never knew the plaintiff, M. J. Taylor, as an applicant to purchase.

According to her own testimony, as given on cross-examination, she went to San Francisco and saw B. B. Redding, who was the land agent of the company, and "nothing further took place between us, except a verbal conversation. I did not make out an application for the land at that time."

It is to be inferred from the testimony that at that time the land comprised a town site and was not therefore for sale.

There is also a substantial conflict in the testimony as to whether plaintiffs ever occupied or improved any of the land in question, except the twenty acres, and as to that quantity, it may well be doubted if it was not occupied by reason of a mistake as ·

to the whereabouts of the subdivision lines of the government survey.

The findings and each of them seem to us to be supported by evidence, and a diligent examination fails to show any sufficient cause for pronouncing them in conflict therewith.

It was not necessary for the court to find upon the allegation of the complaint that plaintiff was not notified of the time and place of the sale, for the reason that no issue is made in reference to that question. It is an admitted fact under the pleadings.

Plaintiff complains that there is no finding upon the tenth allegation of her complaint, that defendant Davis never occupied the land, or any part thereof, and never improved the same, and that she had been in the exclusive possession for more than two years.

The answer is to be found in the fifth finding and in the thirteenth, both of which are supported by evidence.

The errors of law relate: —

*First* — To the refusal of the court to permit J. J. Stewart, a witness for plaintiffs, to state what was said to him in reference to a sale of this land, by the officers of the railroad company, when he visited San Francisco with a view of purchasing it.

We cannot see that the declarations were admissible, for the reasons: —

1. That it does not appear from the offer of plaintiffs when they were made, whether before or after the contract for purchase by defendant.

2. Defendant is not shown to have been present, or to have had any knowledge of such declarations, without which they would not bind him.

· *Second* — To the action of the court in permitting defendant, under objection, to testify at the time he purchased the land in question he had no knowledge that any portion of it was within the enclosure of plaintiffs.

The question of notice to defendant was one of the mooted points in the case, and it was entirely competent for him as a witness to state his information on the subject.

*Third* — To a like ruling upon the objection of plaintiff, to testimony of defendant. that at the time he contracted to pur- .

chase the land, he did not know and had never heard of any application by plaintiff to purchase the same.

The testimony was material, under the issues made by the pleadings.

The theory that plaintiff was in possession of the land, and that such possession was notice of her rights and equities, and, therefore, that it was incompetent to prove that defendant knew nothing of her possession, cannot be sustained.

Possession, in order to impart notice of the rights and equities of the holder, must be actual, open, exclusive, notorious, and visible. (*Smith* v. *Yule*, 31 Cal. 180; *Pell* v. *McElroy*, 36 Cal. 268; *O'Rourke* v. *O'Connor*, 39 Cal. 442; *Polack* v. *McGrath*, 32 Cal. 15.)

The possession of plaintiffs was denied, and except the portion enclosed with her adjoining land, the court very properly, as we think, found against her claim.

She had not settled upon nor improved the land in any proper sense.

The case as made is essentially different from that of *Boyd* v. *Bricken*, 55 Cal. 427.

The alleged error of the court in rendering judgment in favor of the defendant, the Central Pacific Railroad Company, is not supported by the record.

This defendant having failed to answer, its default was entered, and as far as appears no action was afterward taken in reference to it, except that in the conclusions of law it is found that plaintiff is not entitled to a judgment compelling the defendant, Charles R. Davis, to assign his contract for the purchase of the land to said plaintiff, and compelling said railroad company to convey said land to her.

The railroad company having contracted to sell the land to the defendant Davis, was in the attitude of a trustee, holding the legal title for him, and if the plaintiff was not entitled to relief as against him, she was not in a position to enforce a deed from his trustee.

The judgment was for the defendant, Charles R. Davis, for costs of suit.

We are of opinion the judgment and order appealed from should be affirmed.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion the judgment and order are affirmed.