(29 Misc. Rep. 29.)

## In re CLEMENT.

(Supreme Court, Special Term, Onondaga County. August, 1899.)

LOCAL OPTION—IRREGULARITY IN PETITION—VALIDITY OF ELECTION.

     An irregularity in a petition for a vote under the local option law does not invalidate the election, where there was a full expression of the will of the voters.

Petition by Maynard H. Clement, deputy state commissioner of excise, for an order revoking and canceling a liquor-tax certificate issued to H. H. Wilcox. Granted.

Wm. E. Schenck, for the motion.
Chas. D. Thomas, opposed:

WRIGHT, J. On the 14th day of February, 1899, at the annual town meeting, the electors of the town of Winfield, Herkimer county, wherein the defendant was a resident, decided, under the local option law, against permitting the sale of liquors in that town. The town clerk immediately filed in the county treasurer's office his official statement of the vote and decision. The county treasurer, notwithstanding that vote and notification, subsequently issued the certificate in question. The defendant claims the treasurer's action was legal, on the ground that the election was illegal, because the petition for the submission of the license questions to a vote under the local option law was not signed and acknowledged by voters to the full number of one-tenth of those who voted at the last general election of said town. That there was a full and fair vote on this question is not challenged. It is not alleged that the irregularity in the petition affected the expression of the will of the people. In the case of People v. Chandler, 41 App. Div. 178, 58 N. Y. Supp. 794, decided at the May term, 1899, by the appellate division of the Fourth department, the town clerk posted notices only four days before the town meeting that the license questions would be submitted. It was held that the failure to file with the town clerk 20 days before town meeting the request for such vote, and the failure of the clerk to give at least 10 days' notice that a vote would be taken on those questions by a ballot at the town meeting, as required by section 34 of the town law (1 Rev. St. [Banks' 9th Ed.] p. 737), did not vitiate the election, where it appeared that there was a full vote on those questions; citing People v. Wood, 148 N. Y. 142, 42 N. E. 536, wherein the court say:

"We can conceive of no principle which permits the disfranchisement of innocent voters for the mistake, or even the willful misconduct, of election officers in performing the duty cast upon them. The object of popular elections is to ascertain the popular will, not to thwart it. The object of election laws is to secure the rights of duly-qualified electors, and not to defeat them. Statutory regulations are enacted to secure freedom of choice and to prevent fraud."

It must be held, therefore, that the irregularity of the petition in this case did not affect the validity of the election. Motion granted, with $20 costs to the petitioner.

Motion granted, with $20 costs.