[Civ. No. 1654. Second Appellate District.—February 24, 1915.]

PHIL S. ROBINSON, Respondent, v. W. A. ANDERSON, City Clerk and Ex-officio Clerk of the Board of Trustees of the City of Redondo Beach, Appellant.

ELECTION LAW—PETITION TO RECALL MUNICIPAL OFFICERS—SIGNATURES TO PETITION—CONSTRUCTION OF STATUTE OF 1911.—In fixing the number of signatures required to be secured to recall petitions against municipal officers under the Extra Sessions Statutes of 1911, (Stats. 1911, p. 128), providing "the petition shall be signed by qualified voters equal in number to at least twenty-five per cent of the entire vote cast within such city or town for all candidates for the office which the incumbent sought to be removed occupies, at the last preceding regular municipal election at which such officer was voted for," the statute should be construed to refer to the regular election at which the officer sought to be recalled was elected, rather than a subsequent election for other trustee officers not including that which the officer in question occupies.

ID.—PERCENTAGE OF SIGNATURES—RULE OF COMPUTING.—Because of the fact that more than one officer of the same kind was elected at the same election in such case (the electors voting for a candidate for one or all of such offices, as they might see fit), the only reasonable rule to apply to the requirement that the percentage of signatures should be based upon a total of the entire vote cast for all candidates for the office, is to declare that that percentage should be computed, taking the total number of ballots cast at the election. By this construction the statute may be made operative and its purposes accomplished.

APPEAL from a judgment of the Superior Court of Los Angeles County. John M. York, Judge.

The facts are stated in the opinion of the court.

Frank L. Perry, for Appellant.

Oscar L. Horn, and W. A. Alderson, for Respondent.

JAMES, J.—Defendant, who is the city clerk of the city of Redondo Beach, a municipal corporation, appeals from a judgment directing mandate to issue against him to compel him to certify that certain petitions filed in his office, invoking the right of recall against three of the trustees of said city, were sufficient.

The matter is presented on the judgment-roll, judgment having gone against the appellant after a demurrer interposed by him to the petition had been overruled and he had declined to make further answer. From the statement of facts shown in the petition it appears that on the nineteenth day of June, 1914, three separate recall petitions were filed with appellant, asking that a recall election be held for the purpose of recalling the three trustees, named, respectively Elmer T. Thompson, Oliver N. Tomlinson, and William J. Hess. The form of the petitions was attached to this statement as an exhibit, and from that form it appears that the petitions were regular and of sufficient substance in their general statement of facts and the verification thereof. It further appears that appellant examined said petitions and certified that they were insufficient. It reasonably appears also that the decision of appellant as to the insufficiency of the petitions was based upon an alleged lack of sufficient signatures of qualified voters attached thereto. The trustees whose recall was sought to be accomplished were elected on the thirteenth day of April, 1912, at a regular municipal election. Subsequently, on April 13, 1914, another regular municipal election was held at which other trustees were elected. The certificate of appellant as attached to the petitions shows the total number of votes cast at both of these elections. In support of the position of appellant it is claimed: 1. That the law requires at least enough signatures of qualified electors to appear on the recall petitions to equal one-fourth of the total vote cast for the office of city trustees at the last preceding regular municipal election; and 2. That the law requires that the percentage should be based upon the total vote cast for the office of city trustee, and that where there is more than one office to be filled and more than two candidates for such office that the total vote cast for each

separate candidate should be added together and the percentage computed upon that total sum. The statute under which the electors instituting the recall proceedings were attempting to act is found in the Extra Session Statutes of 1911, at page 128. In fixing the number of signatures required to be secured to recall petitions against municipal officers, it is there provided that ''the petition shall be signed by qualified voters equal in number to at least twenty-five per cent of the entire vote cast within such city or town for all candidates for the office which the incumbent sought to be removed occupies, at the last preceding regular municipal election at which such officer was voted for.'' We construe this provision to mean that the election referred to is the regular municipal election preceding the date of the attempted recall at which the officers sought to be recalled were voted for. While the language used is not entirely clear, it would seem to be within the reason and intent of the statute that the proportion of signatures required which would set in motion the recall should be based upon the vote cast at the regular election at which the officer was elected, rather than a subsequent election for other trustee offices not including that which the officer in question occupies. The statute must be given effect rather than have applied to it a construction which will nullify the apparent intent of the legislature, if such can be done. Because of the fact that more than one officer of the same kind was elected at the same election (the electors voting for a candidate for one or all of such offices, as they might see fit), the only reasonable rule to apply to the requirement that the percentage of signatures should be based upon a total of the entire vote cast for all candidates for the office, is to declare that that percentage should be computed, taking the total number of ballots cast at the election,—that, assuming he received the votes of all persons voting at the election, being the largest number that possibly could have been cast ''for the office which the incumbent sought to be removed occupies.'' By this construction the statute may be made operative and its purposes accomplished. As the recall petitions filed were sufficient under the measure of requirement which we have here outlined, it follows that the judgment of the superior court in ordering mandate to issue was properly made.

The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.