[Civ. No. 5095. Second Appellate District, Division One.—September 25, 1925.]

## JOHN M. WORTH, Respondent, v. FRANK M. DOWNEY et al., Trustees, etc., Appellants.

[1] MUNICIPAL CORPORATIONS — RECALL OF ELECTIVE OFFICERS—DEMAND FOR ELECTION OF SUCCESSOR — SUFFICIENCY OF PETITION.— A request or demand, in a petition for the recall of a member of the board of trustees of a city, that the board of trustees of said city take such proceedings as are provided by law for the recall of its officers, is sufficiently broad to meet the requirement of section 1 of the act providing for the recall of elective officers of incorporated cities and towns (Stats. 1911, Ex. Sess., p. 128), that the petition filed shall demand "the election of a successor to the person sought to be removed."

[2] ID.—RECALL STATUTE—LIBERAL CONSTRUCTION.—The act providing for the recall of elective officers of incorporated cities and towns (Stats. 1911, Ex. Sess., p. 128), should be liberally construed with the view to promote the purposes for which it was enacted.

[3] ID.—FAILURE TO STATE BUSINESS OR OCCUPATION—SUFFICIENCY OF SIGNATURES.—The fact that the signers of a petition for the recall of a member of the board of trustees of a city fail to add to their signatures their business or occupation does not render the petition invalid.

[4] ID.—SUBMISSION OF PETITION—DUTY OF BOARD TO CALL ELECTION. Where a petition for the recall of a member of the board of trustees of an incorporated city substantially complies with the statute, it is the duty of said board, upon the submission to it by the clerk of said petition, properly certified to be sufficient, to call an election, as provided by the statute.

(1) 28 Cyc., p. 436, n. 12 New.   (2) 28 Cyc., p. 436, n. 12 New. (3) 28 Cyc., p. 436, n. 12 New.   (4) 28 Cyc., p. 436, n. 12 New.

APPEAL from a judgment of the Superior Court of Los Angeles County. Albert Lee Stephens, Judge. Affirmed.

The facts are stated in the opinion of the court.

Oscar E. Winburn, Julius V. Patrosso and C. C. Mishler for Appellants.

Carl V. Hawkins and Jonah Jones, Jr., for Respondent.

4. See 21 Cal. Jur. 1003.

CURTIS, J.—Three petitions, asking for the recall of three members of the board of trustees of the city of Lynwood, were filed with the clerk of said board of trustees. The trustees sought to be removed thereby were Frank M. Downey, Lars C. Anderson and Charles F. Reed. These petitions were precisely alike, except as to the name of the trustee sought to be removed. That against Trustee Downey was as follows:

"Petition for the Recall of Frank M. Downey, Trustee of the City of Lynwood, California.

"To the President of the Board of Trustees of the City of Lynwood, California:

"Gentlemen:

"We, the undersigned, qualified electors of the said City of Lynwood, California, pursuant to the constitution and laws of the State of California, hereby petition Your Honorable Board to take such proceedings as are therein provided to recall Frank M. Downey, Trustee of the City of Lynwood, upon the following grounds, to-wit:

"Frank M. Downey has failed to establish or maintain public confidence in himself as City Trustee.

"He has not intelligently planned or successfully maintained our city's progress.

"He has been unable to properly grasp the present needs of the City of Lynwood, or vision its future.

"He has not the necessary training or experience required to properly manage the development of the city's growth.

"For the above reasons, believing that he has not made good as City Trustee, and that his continuance in office will serve only to retard municipal progress, destroy civic harmony, discredit the laws and government of our city, and to nullify the sacrifice which members of the Board of Trustees are making in civic service, we petition the recall of Frank M. Downey."

Each of these petitions was certified as sufficient by the clerk of said board and submitted to said board of trustees. The board of trustees, however, refused to call any election under said petitions and this proceeding was instituted in the superior court of the county of Los Angeles for a writ of mandate to compel said board to call such election. Upon the trial of said action judgment was rendered in

favor of the plaintiff therein, and from said judgment the defendants have appealed.

The only contention made by appellants, in support of their appeal, is that the petitions failed to comply with the requirements of the statute under which said proceedings were brought. It is conceded that the statute applicable thereto is that certain act entitled "An act providing for the recall of elective officers of incorporated cities and towns, approved March 2nd, 1912." (Stats. 1911, Ex. Sess., p. 128.) A portion of section 1 of said act is as follows: "The holder of any elective office of any incorporated city or town may be removed or recalled at any time by the electors; *provided*, he has held his office at least six months. The provisions of this statute are intended to apply to officials now in office, as well as to those hereafter elected. The procedure to effect such removal or recall shall be as follows: A petition demanding the election of a successor to the person sought to be removed shall be filed with the clerk of the legislative body of such city or town, which petition shall be signed by qualified voters equal in number to at least twenty-five per cent of the entire vote cast within such city or town for all candidates for the office which the incumbent sought to be removed occupies, at the last preceding regular municipal election at which such officer was voted for . . . "

It is further provided in said section that "If the petition shall be found sufficient, the clerk shall submit the same to the legislative body of the city or town without delay, whereupon, that body shall forthwith cause a special election to be held . . . " At this election, the section further provides, the question of the recall of the officer sought to be removed, and the election of his successor shall be submitted to the electors of said city or town.

[1] The objection most strongly urged by appellants, as to the sufficiency of said petitions, is that they do not contain "a demand for the election of a successor to the person sought to be removed," as required by the above section of said act. It is true that these precise words are not to be found in any of said petitions, but each of said petitions contains a request or demand that the board of trustees of said city take such proceedings as are provided by law for the recall of its officers. These proceedings, as

will be noted by the above reference to said act, provide, among other things, for the election of the successor to the person sought to be removed, provided a majority of those voting on the recall of said officer, vote for his removal. The petitions, therefore, if not in the precise words of the statute, yet, in language broad enough to include the statutory requirements, do contain a demand for the election of successors to the trustees which are sought to be removed. This is so for the reason that they asked that the board of trustees take all the proceedings provided by the statute for the removal of officers sought to be recalled. [2] The statute, under which these proceedings were instituted, should be liberally construed with the view to promote the purpose for which it was enacted. (*Conn* v. *City Council,* 17 Cal. App. 705, 713 [121 Pac. 714, 719].) No person reading these petitions would be under any misapprehension as to their meaning. They would readily understand therefrom that their purpose was to initiate proceedings for the recall of the persons named therein. Such officers could not be recalled, except by the election of their successors. This is not only the plain provision of the law, but it is a subject of such general understanding that no one, we think, could be heard to say that he was either misled or deceived as to the actual intent and purpose of the petitions.

[3] A further objection is made to said petitions in that the, signers thereof failed to add to their signatures their business or occupation. This question in our opinion has been settled by the rulings of our courts adversely to appellants' contention. (*Conn* v. *City Council, supra; Locher* v. *Walsh,* 17 Cal. App. 727. [121 Pac. 712]; *Osborn* v. *Board of Supervisors,* 27 Cal. App. 85 [148 Pac. 970].)

[4] We are, therefore, of the opinion that each of said petitions substantially complies with the statute in question, and is therefore valid. It was the duty, therefore, of said board of trustees, upon the submission to them by the clerk of said board of said petitions, properly certified to be sufficient, to call an election, as provided by said statute.

In holding that these petitions are sufficient under the statute, we do not desire to be understood as commending them as models to be followed in proceedings which may hereafter be instituted under this or similar statutes, nor as approving the practice, employed in the drafting of these

petitions, or departing so radically from the words of the statute. While in this case we believe the petitions to be sufficient, yet the extreme difference in their phraseology from that of the statute afforded a reasonable opportunity for a successful contest as to their validity. The result has been that the proceedings which they initiated have been long delayed, probably to the great annoyance and vexation, not only of the parties directly interested, but to the community involved. This litigation has also taken much of the time of the courts, now already greatly overburdened. All this could no doubt have been avoided had the petitions been drafted as near as practicable in the words of the statute.

The judgment is affirmed.

Conrey, P. J., concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 23, 1925.