[Civ. No. 5255. Second Appellate District, Division Two.—November 5, 1926.]

JAMES H. MAGOON et al., Respondents, v. LOUIS HEATH et al., as Trustees, etc., Appellants.

[1] ELECTION LAW—RECALL PETITION—SUFFICIENCY OF SIGNATURES— STIPULATION — EVIDENCE — FINDINGS — JUDGMENT—APPEAL.—In a proceeding in mandamus to compel the trustees of a municipal corporation to call a special election responsive to a petition for a recall of four of said trustees, where the parties stipulate at the trial to "the total vote cast for the office of members of said Board of Trustees," at the elections at which the members sought to be recalled were severally elected, and that to the recall petition filed with the clerk there were appended "valid signatures of qualified voters of said city" of at least a stated number, which was more than twenty-five per cent of the entire vote cast at the last general election at which trustees were elected (the votes at which had exceeded previous elections), and those facts are recited in the judgment, a finding upon such stipulation is

not necessary, and the sufficiency of the evidence to show that the recall petition was signed by the requisite number of qualified voters, is not open to attack on appeal.

[2] ID.—STATUTORY CONSTRUCTION.—The recall statute should receive a liberal construction so as to promote the purposes for which it was enacted.

[3] ID.—TWENTY-FIVE PER CENT OF VOTE—LAST GENERAL MUNICIPAL ELECTION—DESIGNATION OF OFFICE—LEGISLATIVE INTENT—OFFICERS SUBJECT TO RECALL.—The intent of the legislature in providing for twenty-five per cent of the entire vote cast was to give some assurance that there was a substantial demand for the removal of an elective municipal officer before the recall might be invoked, and in providing that it should be the last general municipal election they had in mind that the vote cast at the last regular municipal election might be considerably larger than at the previous regular municipal elections, and the phrase "at which such officer was voted for" is meant to designate the office, and not the individual who may occupy that office; and under section 1 of the act the holder of an elective municipal office may be removed or recalled, after he has held his office at least six months, whether such officer has been elected at a regular municipal election or at a special recall election.

[4] ID.—SUFFICIENCY OF CLERK'S CERTIFICATE—DUTY TO CALL ELECTION.—Where the certificate of the city clerk to the recall petition recites, "I have examined the same (the petition) and compared the signatures with the original registrations and find that the same is sufficient," such certificate is legally sufficient; and where the trustees of a municipal corporation are presented with a duly certified recall petition, the law enjoins upon them the duty of calling an election.

(1) 38 **C. J.**, p. 924, n. 79.    (2) 43 **C. J.**, p. 670, n. 48.    (3) 43 **C. J.**, p. 669, n. 36, p. 671, n. 72.    (4) 43 **C. J.**, p. 672, n. 94 New.

APPEAL from a judgment of the Superior Court of Los Angeles County. Hartley Shaw, Judge. Affirmed.

The facts are stated in the opinion of the court.

Hewitt, Ford & Crump and Collamer A. Bridge for Appellants.

Kimball Fletcher for Respondents.

3.  See 21 Cal. Jur. 1002.

THOMPSON, J.—This action was instituted in the superior court seeking a writ of mandate to compel the Board of Trustees of the City of Hermosa Beach to call a special election responsive to a petition for a recall of four of the city trustees. A trial was had and a peremptory writ was issued, directed to the trustees, commanding them to call a special election forthwith. From that judgment the defendants appealed and urge four grounds for its reversal.

[1] The first position advanced by appellants is that the court did not find and there is no evidence to show that the recall petition was signed by qualified voters equal in number to at least twenty-five per cent of the entire vote cast within the city, for all candidates for the office which the incumbent sought to be removed occupies, as required by "An act to provide for the recall of elective officers of incorporated cities and towns," Stats. 1911 (Extra Sess.), p. 128. The judgment recites, and appellants concede, that it was stipulated at the trial that of the four trustees sought to be recalled, two (Louis Heath and Morris Woodland) were elected at the general municipal election held in 1924, "and that the total vote cast for the office of members of the said Board of Trustees at said election was 1113," and that another member (Frederick Piner) "was elected a member" at a special recall election held May 22, 1923, "and that the total votes cast at said election was 764," and that the last of the four trustees (Frank M. Bravender) was elected at the general municipal election held April 10, 1922, "and that the total vote cast at said election was 695," and further, that on April 7, 1925, the petition was filed with the city clerk of Hermosa Beach, to which there were appended "at least 280 valid signatures of qualified voters of said city."

To sustain their contention, appellants urge that the entire vote cast means that number which would be arrived at by multiplying the number of candidates for the particular office by the number of votes received by each. It appears, however, from the stipulation entered into by counsel that this objection cannot now be raised. They have stipulated to the entire vote cast at each election and that the petition was signed by at least 280 qualified electors, which number is more than the twenty-five per cent required by the statute even when the largest vote is considered. While there is no

finding upon the stipulation, none is necessary. (*Gregory* v. *Gregory*, 102 Cal. 50 [36 Pac. 364]; *Taylor* v. *Central Pac. R. R. Co.*, 67 Cal. 615 [8 Pac. 436]; *Continental Building etc. Assn.* v. *Woolf*, 12 Cal. App. 725 [108 Pac. 729].)

The second point urged by appellants is that Frederick Piner, having been elected at a special recall election and not at a regular municipal election, is not subject to recall, and that inasmuch as the petition names all of the four trustees, it may not be severed and therefore is ineffectual for any purpose. In support of their position attention is called to that provision in the act providing for the recall of elective officers of incorporated cities and towns, as follows: "The petition shall be signed by qualified voters equal in number to at least twenty-five per cent of the entire vote cast within such cities and towns for all candidates for the office which the incumbent sought to be removed occupies, at the last preceding regular municipal election at which such officer was voted for," and appellants cite in support of their construction of that provision the case of *Robinson* v. *Anderson*, 26 Cal. App. 644 [147 Pac. 1182]. The point here involved was not necessary to that decision, although the court did use language, construing this provision, to mean "that the election referred to is the regular municipal election preceding the date of the attempted recall at which the officers sought to be recalled were voted for. While the language used is not entirely clear, it would seem to be within the reason and intent of the statute that the proportion of signatures required which would set in motion the recall should be based on the vote cast at the regular election at which the officer was elected, rather than at a subsequent election for other trustee offices not including that which the officer in question occupies." We cannot give our assent to this construction. **[2]** The recall has been largely adopted as a fundamental part of our present governmental system and the statute should receive a liberal construction so as to promote the purposes for which it was enacted. (*Conn* v. *City Council*, 17 Cal. App. 705 [121 Pac. 714, 719]; *Worth* v. *Downey*, 74 Cal. App. 436 [241 Pac. 96].) **[3]** We think it is clear that the intent of the legislature in providing for twenty-five per cent of the entire vote cast was to give some assurance that there was a substantial demand for the removal of an elective officer before the

recall might be invoked, and in providing that it should be the last general municipal election we think it is apparent that they had in mind that in the rapidly growing incorporated cities and towns the vote cast at the last regular municipal election might be considerably larger than at previous regular municipal elections, and that the phrase "at which such officer was voted for," in the act, is meant to designate the office and not the individual who may occupy that office. This construction would appear to be in keeping with the intent and purpose of the act providing for the recall of elective officers and is in harmony with the provisions of section 1 of the act, as follows, that: "The holder of any elective office of any incorporated city or town may be removed or recalled at any time by the electors; provided, he has held his office at least six months," whether such officer has been elected at a regular municipal election or at a special recall election.

[4] The third point urged by appellants is that the certificate of the city clerk attached to the petition is insufficient. The material portion of said certificate is: "I have examined the same (the petition) and compared the signatures with the original registrations and find that the same is sufficient." Their attack is based upon the provision of the statute that the clerk "shall attach to said petition his certificate showing the result of said examination." This same point was directly raised in *Good* v. *Common Council,* 5 Cal. App. 265 [90 Pac. 44], and what is said there, we think, is decisive of this question. It is there said that for the clerk to say that the petition is sufficient is equivalent to saying that it was signed by the requisite number of qualified electors and reciting the number required. The case of *Davenport* v. *City of Los Angeles,* 146 Cal. 508 [80 Pac. 684], is not in point, for the reason that there the question involved was whether or not the names might be compared with the "duplicate affidavits of registration" and not with the "great register," and it was held necessary to compare the signatures on the petitions with the signatures on the great register instead of with the duplicate affidavits of registration.

This disposes of the fourth proposition urged by appellants that the law does not enjoin upon the trustees the duty of calling an election except upon being presented with a

duly certified recall petition, for the reason that, from what has been said, a duly certified recall petition was presented to the trustees, and it was therefore the duty of the trustees to call the election.

Judgment affirmed.

Works, P. J., and Craig, J., concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 3, 1927.