[Civ. No. 5982. Second Appellate District, Division Two.—May 2, 1928.]

J. L. HILLIKER, Respondent, v. BOARD OF TRUSTEES OR THE CITY COUNCIL OF THE CITY OF SEAL BEACH (a Municipal Corporation) et al., Appellants.

522

Burr A. Brown for Appellants.

Charles D. Swanner and Roland Thompson for Respondent.

THOMPSON, J.—The plaintiff filed an action in the superior court against respondents (appellants here) in which they sought a writ of mandate directing the respondents to call a special election responsive to recall petitions seeking the recall of R. E. Dolley, J. R. John, and C. O. Wheat, as members of the Board of Trustees or City Council of the City of Seal Beach. The respondents by way of return to the alternative writ demurred to the petition and also made a motion to quash the alternative writ of mandate. After argument the court overruled the demurrer and denied the motion and upon the statement of counsel for respondents that he did not desire to raise any issue of fact, but desired to stand upon his demurrer and motion, judgment was entered that the peremptory writ issue and from that judgment the respondents appeal. On the same day that respondents filed their notice of appeal from this judgment they served upon counsel and filed in the court below a notice of motion to set aside and amend the judgment on the ground that the judgment recited that counsel for respondents "on behalf of said defendants, and each of them, stipulated in open court that said plaintiff have judgment as prayed for and that a peremptory writ of *mandamus* issue in said matter," whereas in truth he did not so stipulate, but, on the contrary, "announced in open court that said defendants, and each of them, proposed to stand upon said motion and demurrer and would not plead further in said action . . . that in order to shorten the time

for appeal and the final determination of said action, judgment might be entered upon the rulings on said demurrer and motion in favor of said plaintiff." When this last motion, pursuant to the notice, was made, it was denied by the court and respondents also filed notice of appeal from that order.

The question raised by the demurrer and motion and relied upon here relates to the sufficiency of the recall petitions. It is contended that they are insufficient because in each instance they referred to the officer sought to be recalled "as member of the Board of Trustees of said City of Seal Beach." Our attention is directed to the fact that at the last legislative session the legislature adopted an act to amend section 751 of "an act to provide for the organization, incorporation, and government of municipal corporations" (Stats. 1927, p. 1093), which so far as material here reads as follows: "The government of said city shall be vested in: a board of five trustees to be known as the city council." Counsel for appellants annexed to and made a part of their notice of motion to quash the alternative writ what purports to be a copy of an ordinance adopted by the City Council of Seal Beach which so far as it can possibly be said to affect this proceeding recites that the ordinance is passed for the purpose of conforming to the amendment which we have just quoted and provides that " . . . the hereinafter named city officers and officials shall be designated by the following titles and positions: 'A member of the Board of Trustees shall be officially known as a councilman.' "

Assuming solely for the purposes of argument that the court had the right to consider the averment that the City Council regularly adopted the ordinance of which this is said to be a copy, we are of the opinion that appellants' argument is wholly without solid foundation. Considering now only the alleged insufficiency in form of the petition the provisions of "An act to provide for the recall of elective officers of incorporated cities and towns" (Stats. 1911, [Extra Sess.] p. 128) do not require the same degree of particularity in this respect as contended for by appellants. It reads: "The procedure to effect such removal or recall shall be as follows: A petition demanding the election of a successor to the person sought to be removed shall be filed

with the clerk of the legislative body of such city or town, which petition shall be signed by qualified voters equal in number to at least twenty-five per cent of the entire vote cast within such city or town for all candidates for the office which the incumbent sought to be removed occupies, at the last preceding regular municipal election at which such officer was voted for . . . and shall contain a statement of the grounds on which the removal or recall is sought, which statement is intended solely for the information of the voter." (There then follows a statement that the insufficiency of the last statement shall not affect the election and a statement of the things to be done and information to be supplied by the individual signers.) Nowhere do we find a requirement that the petition shall contain the exact official designation of the officer sought to be removed. We may assume that it is necessary to sufficiently designate him so that no ambiguity shall exist concerning the office from which it is sought to recall the person, but that requirement is amply satisfied in the present instance by designating him as a member of the Board of Trustees. No possible uncertainty could exist in the minds of the legislative body or of the signers of the petition relative to the office or officer intended to be described. The amendment of 1927 upon which appellant relies and which we have already quoted uses the expression "A board of five trustees." It is as though it read "A board of five trustees constituting the City Council." So far as the statute is concerned it would be entirely proper to refer to one of the individual members of the council as one of the five trustees composing the council. When we advert to the well-established principle that the statute providing for the recall of elective officials "should receive a liberal construction so as to promote the purposes for which it was enacted" (*Magoon* v. *Heath*, 79 Cal. App. 632 [250 Pac. 583] and cases there cited), we are bound to declare that its provisions have been fully complied with in this instance. The requirement in the Recall Act that "there shall be printed on the recall ballot, as to every officer whose recall is to be voted on thereat, the following question: 'Shall (name of person against whom the recall petition is filed) be recalled from the office of (title of the office) ?' " does not alter the situation. It may indicate the necessity of designating the

office with sufficient certainty that those whose duty it is to prepare the ballot may designate it officially, but the duty there imposed refers to the preparation of the ballot and not to the form of the petition.

Appellants also rely upon the same argument with respect to the sufficiency of the petition for the writ and the writ itself. The caption of the petition refers to respondents there (appellants here) as "Board of Trustees or the City Council of the City of Seal Beach," and to the individuals as "City Trustees or City Councilmen of said City of Seal Beach." The body of the petition refers to them as the "Board of Trustees or City Council" and as "City Trustees or City Councilmen." The peremptory writ is directed to "Board of Trustees, known as the City Council of the City of Seal Beach," and to individual members (naming them), "Trustees and members of the City Council." A statement of the situation is a sufficient refutation of the argument. The petition might perhaps have been drawn so as to designate the respondents as the Board of Trustees, known as the City Council, but it is obvious that it was drawn with care to describe them by their proper official title whether as trustees or as councilmen. It would be absurd and unjust to hold that the petition or the writ was insufficient for the reason urged. A court of justice is not the proper place to give serious consideration to a play upon words without substance.

 Counsel have argued the question of whether the order made by the trial court denying the motion to set aside and amend the judgment is an appealable order and also whether the trial court had any jurisdiction to entertain such a motion subsequent to the appeal from the judgment. Considering the last of these questions first, we think counsel for respondents mistake the nature of the motion when they insist that the trial court had no jurisdiction to entertain it. The motion was one in effect to correct the judgment and make it speak the truth. The court always has the inherent power to make its record state what actually occurred. (*Boyd* v. *Burrel,* 60 Cal. 280; *Fay* v. *Stubenrauch,* 141 Cal. 573 [75 Pac. 174]; *Biaggi* v. *Ramont,* 189 Cal. 675 [209 Pac. 892].) As said in *Fay* v. *Stubenrauch, supra,* "It is true that the court by the appeal loses jurisdic-

tion of the cause, for the purposes of the appeal, but it does not lose jurisdiction of its records.''

The same misconception of the nature of the motion is manifest from counsel's argument that the order is not appealable. Of course it is the law, for which there is abundant authority, that if the appeal from the order made after judgment would present the same questions as would be presented on an appeal from the judgment, the order is not appealable. That, however, is not the situation here. The proposition advanced on the appeal from the order is that the court had no right to decline to entertain a motion to correct the recitals in its judgment in accordance with the facts, so that appellants would not be foreclosed of the right of appeal from the judgment. Subdivision 2 of section 963 of the Code of Civil Procedure provides that an appeal may be taken ''from any special order made after final judgment.'' This is such an order. The same persuasive reason exists for holding that the order is appealable as existed in the case of *In re Yoder*, 199 Cal. 699 [251 Pac. 205], to wit: The circumstances are such that '' 'an appeal from the final order would be vain for lack of a record showing the right of the aggrieved party.' '' Here the appellants would have been precluded of their right of appeal by the recital in the judgment that it was by stipulation.

We are not unmindful of the intendments which must ordinarily be indulged in favor of the orders or judgments of the trial court. In this instance, however, the court declined to consider and denied the motion for lack of jurisdiction. The facts appearing in the affidavits without denial present a situation showing not only that the court had jurisdiction, but also that the motion, in so far as it attempted to correct the judgment, should have been granted. The order denying the motion must therefore be reversed. In the interests of justice and to expedite the disposition of the cause, we have considered the appeal from the judgment on its merits and as though the motion had been granted. From the discussion it is obvious that the reversal of the order does not require a reversal of the judgment.

Order reversed. Judgment affirmed.

Works, P. J., and Stephens, J., *pro tem.*, concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 28, 1928.

All the Justices present concurred.