In the Matter of the Application of EUGENE R. HURLEY, Respondent, for a Mandamus Order against THOMAS S. CHESHIRE, as Board of Elections of the County of Nassau, Defendant. THE PEOPLE OF THE STATE OF NEW YORK, by the LONG ISLAND STATE PARK COMMISSION, Intervenor, Appellant.*

Second Department, February 11, 1932.

* Affd., 259 N. Y. ——.

*Raymond P. McNulty*, for the appellant.

*Eugene R. Hurley*, respondent, in person.

*Henry Epstein, First Assistant Attorney-General* [*John J. Bennett, Jr., Attorney-General*, and *Harold Greenstein, Deputy Assistant Attorney-General*, with him on the brief], *amicus curiæ.*

HAGARTY, J.   This is an appeal from a mandamus order directing the county clerk of Nassau county, as the board of elections of that county, to strike from the ballot, in the town of Hempstead, proposition No. 1, authorizing the town of Hempstead to convey to the People of the State of New York lands and lands under water for the extension and protection of that part of the Long Island State Park System known as Jones Beach.   The proposition was certified by the town board of the town of Hempstead to the board of elections to be voted upon on the 3d day of November, 1931, at the regular biennial town meeting.

This proceeding was instituted by an order to show cause, upon the return of which the town of Hempstead and the People of the State of New York were permitted to intervene and to oppose the motion on the ground that they represented the real parties in interest.   The matter came on before this court upon appeal on the 2d day of November, 1931, and was set over until the thirteenth day of that month for argument, allowing the people in the meantime to vote on the proposition on the third day of November. This vote was had, and the people of Hempstead voted in favor of the proposition by a vote of 16,747 for it and 12,193 against it.

The contention of the petitioner, respondent, who appears as a resident and taxpayer of the town of Hempstead, is that this

proposition could not be submitted to the voters by the town board except pursuant to the provisions of section 46-a of the Town Law, and that that section no longer applies to the town of Hempstead, since the last Federal census shows that the county of Nassau has a population of more than 300,000.

The proposition was submitted to the voters by the town board, at the request of the Long Island State Park Commission made on the 11th day of August, 1931, as a part of a plan for the further development of Jones Beach State Park. The town board approved the form of the proposition on the 22d day of September, 1931, and agreed to submit it to the voters at the election on November third, in the same manner and under the same procedure followed in the submission to the voters in the towns of Nassau county of previous similar propositions under section 46-a of the Town Law, which it is claimed was enacted for that purpose.

Section 46-a of the Town Law (added by Laws of 1924, chap. 589) provides that " The town board of any town in a county of less than three hundred thousand population adjoining a city of over two million population, according to the last preceding Federal or State census or enumeration may, of its own motion, and without the application or petition of electors or taxpayers, submit " to the voters of the town a proposition for the ceding of lands.

Section 48 of the same law (as amd. by Laws of 1916, chap. 79), under the caption " Notice of proposition to be determined by ballot," reads, in so far as it is material: " No proposition or other matter than the election of officers shall be voted upon by ballot at any town meeting, unless the town officers * * * shall, at least twenty days before the town meeting, file with the town clerk a written application, plainly stating the question they desire to have voted upon, and requesting a vote thereon at such town meeting."

Section 43 (Town Law), under the title " Powers of town meeting," provides that " The electors of each town may, at their biennial town meeting: * * * 12. Direct the sale and conveyance by the supervisor in the name of the town of property owned by it." This last quoted provision, however, must be read in conjunction with either section 46-a or 48.

The population of the county of Nassau, in which the town of Hempstead is situated, was, according to the 1930 Federal census, 303,053, while in 1920 it was 125,727. Briefly, the respondent claims that the words " last preceding Federal or State census or enumeration " refer to the census immediately preceding the action of the town board; that as the county of Nassau then had a population of more than 300,000, the town board no longer had

any authority to submit the proposition on their own motion, and that, therefore, the proposition was not legally on the ballot. The appellant's position is that these words refer only to the census that preceded the passage of the act, to wit, the Federal census of 1920; that the reference to that census was to identify the county, and not to make the availability of the law dependent upon the number of people in the county. In other words, when section 46-a of the Town Law was added in 1924, and when the population of Nassau county was well under 300,000, and since it was the only county which could meet the description, the appellant argues that the purpose of the law was but to identify the county; that instead of this elaborate reference to make the act appear general, the county might well have been described by its name, which description would have been legally sufficient. To my mind, the intent and purpose of the Legislature was to describe Nassau county. My opinion, however, is that the reference in the law to a county " of less than three hundred thousand population adjoining a city of over two million population, according to the last preceding Federal or State census or enumeration " must be construed, under the authorities, as referring to such a county having less than the stated population according to the last census immediately preceding the action of the board. In other words, following the enumeration of 1930, Nassau county was no longer within the legal contemplation of section 46-a of the Town Law. Consistent with this expression of opinion, the meaning of the words " last preceding " has been determined. (*Doyle* v. *Town of Diana,* 203 App. Div. 239.)

The Town Law (§ 53, as amd. by Laws of 1920, chap. 59), referring to the qualification of an elector in certain matters, reads that he must be " the owner of property in the town, assessed to him * * * upon the last preceding assessment-roll." If appellant's view of the meaning of the words " last preceding " be correct, it means that the assessment roll adopted immediately prior to the passage of the act (in 1890), and no other, determines the qualification of an elector. In that case there would be few voters now qualified. Similar language is used in the Constitution of this State: " In cities and villages having five thousand inhabitants or more, according to the last preceding State enumeration of inhabitants, voters shall be registered upon personal application only; * * *." (Const. art. 2, § 4.) I cannot find that any one has claimed that this refers to the State enumeration had prior to the enactment of the Constitution. Even without the words " according to the last preceding Federal or State census," any population test has regularly been interpreted to refer

to the census preceding the action contemplated and not to the census taken prior to the act. Article 6, section 19, of the Constitution, as amended, reads: "* * * a county judge or surrogate elected in a county having a population exceeding one hundred and twenty thousand, shall not practice as an attorney * * *." Clearly this includes the future and contemplates counties that may thereafter have a population exceeding 120,000.

The words "last preceding * * * census" have never been construed by the courts of this State, in so far as I am able to determine. In other States, however, the construction has been against that for which the appellant contends. (*State ex rel. Board of Education of City of Minneapolis* v. *Brown,* 97 Minn. 402; *Bishop* v. *City of Tulsa,* 21 Okla. Cr. 457, 462.) There are authorities in other States holding that the word "preceding" does not mean anterior to the passage of the act. (*Cotting* v. *Kansas City Stock-Yards Co.,* 79 Fed. 679, 681; *Welsh* v. *State,* 3 Tex. Ct. App. 413; *Nelson* v. *Edwards,* 55 Tex. 389; *Robinson* v. *Anderson,* 26 Cal. App. 644.)

Notwithstanding the construction placed upon section 46-a of the Town Law, I am of opinion that the proposition was legally upon the ballot, under section 48 (*supra*), which provides, among other things, that a proposition may be voted upon by ballot at a town meeting by two methods: *First,* by written application of the town officers, and, *second,* by written application of a requisite number of taxpayers. In either case, it must be a written application; it must state the question they desire to have voted upon, and request a vote thereon at such town meeting. The sufficiency of the form is not questioned upon this appeal. The question is whether or not we may hold that the application of the town board sufficiently complies with the statute as a preliminary to the submission of the proposition to the voters.

The Town Law, section 80 (as amd. by Laws of 1924, chap. 179), provides for the election by ballot of town officers. The same law, section 131 (as amd. by Laws of 1924, chap. 592), provides for the constitution of the town board. The personnel of the town board is made up exclusively of town officers. All town officers, however, are not members of the town board. The municipal authorities of a town are the members of the town board. (*Farnsworth* v. *Boro Oil & Gas Co.,* 216 N. Y. 40.) My conclusion is that, since the town board is made up of town officers, and since the town board may be deemed the general governing body of the town, the submission was a sufficient compliance with the provisions of section 48 (*supra*). "Adherence to the letter will not be suffered to

'defeat the general purpose and manifest policy intended to be promoted'" by the Legislature. (*Surace* v. *Danna*, 248 N. Y. 18.)

There is authority for sustaining votes at town meetings where the letter of the law has not been technically followed. In *People ex rel. Crane* v. *Chandler* (41 App. Div. 178) but four days' notice was given of an intention to submit to the voters of a town, at the annual town meeting, the liquor license question, instead of the twenty days' notice required by section 34 of the Town Law (Laws of 1890, chap. 569). It was held that it was unnecessary to resubmit the question to the electors at a special town meeting, since it appeared that the notice actually given was effective, and that the electors of the town acted upon it in the method prescribed by the statute. In *Matter of Clement* (29 Misc. 29) it was held that where there had been a full and fair vote in a town against local option, the fact that the petition for the submission of the issue was not signed and acknowledged by the electors of the town to the number of ten per centum of votes cast at the last preceding general election was not material and did not justify a county treasurer in issuing a liquor tax certificate. The court in its opinion cited *People ex rel. Hirsh* v. *Wood* (148 N. Y. 142), wherein was written: "We can conceive of no principle which permits the disfranchisement of innocent voters for the mistake or even the willful misconduct of election officers in performing the duty cast upon them. The object of elections is to ascertain the popular will and not to thwart it. The object of election laws is to secure the rights of duly qualified electors, and not to defeat them. Statutory regulations are enacted to secure freedom of choice and to prevent fraud."

The peremptory mandamus order, as resettled, should be reversed on the law, with costs, and the motion denied, with ten dollars costs.

Young, Kapper and Tompkins, JJ., concur; Lazansky, P. J., concurs in result, being of opinion that, under the circumstances of the passage of section 46-a of the Town Law, the words "last preceding * * * census" mean the census last preceding the adoption of the act.

Peremptory mandamus order, as resettled, reversed on the law and not in the exercise of discretion, with costs, and motion denied, with ten dollars costs.