Burke, J. (dissenting).
The order of the Appellate Division should be reversed and the Special Term order should be reinstated.
The proposal to create a ward system pursuant to section 85 of the Town Law appeared on the ballot at the November 7, 1972 General Election as Brookhaven Town Proposition No. 1. Sample ballots were at all polling places designated by the Board of Elections of Suffolk County in publishing notices of the places, date and voting hours for the general election. The town clerk submitted the proposition to the Election Board and requested that it be placed on the ballot for the general election in 1972. When the town board was informed that the proponents had more than sufficient signatures, a resolution was passed on the town board’s own motion directing the clerk to have it put on the ballot. The proposition was voted upon by approximately 72,000 voters. The proposition passed by 191 votes. The question of the submission of the proposition was broadly publicized and debated in all of the media prior to the holding of the election. At no time prior to the election did anyone make an objection to the failure of the town clerk to advertise or post notice of the submission of1 the proposition to the electorate. This was a technical special election requirement of section 82 of the Town Law.
*91 This court has never held that the failure to comply with the letter of the law as to notice of an election is sufficient to invalidate an election or warrants judicial interference with the electoral process. In People ex rel. Hirsh v. Wood (148 N. Y. 142, 146-147) this court wrote “We can conceive of no principle which permits the disfranchisement of innocent voters for the mistake or even the willful misconduct of election officers in performing the duty cast upon them. The object of elections is to ascertain the popular will and not to thwart it. The object of election laws is to secure the rights of duly qualified electors, and not to defeat them. Statutory regulations are enacted to secure freedom of choice and to prevent fraud”. Town elections are construed to be a substitute for a town meeting (Matter of Hurley v. Cheshire, 234 App. Div. 464, affd. 259 N. Y. 582). The majority would invalidate the votes of approximately 36,000 voters who voted for adoption because of the misconduct of the town clerk in failing to comply with a technical requirement of a law which does not state that such failure does make the election void. That word “void” appeared in Town of Cortlandt v. Village of Peekskill (281 N. Y. 490) —an odd statute that gave one politician the power to frustrate the will of the electorate. Here additional publicity would be surplusage.
The provision of our statute was “shall” — a directory rather than a mandatory condition. The clerk’s failure to advertise helps to perpetuate the governmental administration of which he is a part against the will of the people. Courts have been loathe to rely on such misconduct to disfranchise tens of thousands of voters. No place in section 82 declares that a failure by one political officer would render the votes of almost 36,000 voters void. In this case the electors did receive notice of the time and place of election through the County Board of Elections and by the media and by debate. Consequently, the lack of the additional publicity was not jurisdictional. Failure to comply with the technical provisions as to notice on a local proposition, which decision is in the hands of the hostile local government, cannot be a jurisdictional defect (Salducco v. Etkin, 268 N. Y. 606). When local politicians are in power substantial compliance is sufficient. The vote on the proposition in this case — 72,000 out of a possible 89,000 voters — is the best proof that substantial compliance as to notice had *92 caused this resounding response to the issues raised by the heated debate carried on in the campaign by the press, radio and television. A general election (of which this proposition was a part) is handled completely by the County Board of Elections which here performed the duties required of it by the Election Law.
The majority hold that an election won by a 90% favorable vote must be invalidated because of the delinquency of the town clerk as it is a fatal defect. This is an unwarranted interference by the judiciary with the electoral process where it appears that the notice actually given was effective. Failure to perform under the circumstances of this case should be disregarded (People ex rel. Goring v. President of Vil. of Wappingers Falls, 144 N. Y. 616). Petitioners who have acquiesced in the time and money spent by public officials in connection with placing the proposition on the ballot and the counting of the votes cast are barred from attacking the procedures after they lost an election unless they prove they were unaware of the presence of the proposition on the ballot. They have not produced one voter who failed to vote because of a lack of notice. The burden of showing that a technical error requires the vitiation of a public election because of a failure to comply strictly with one statutory requirement as to the giving of1 notice is on the petitioners. The total vote as well as the record here proves there has been no evidence of a lack of knowledge offered. Tliey resort to a quibble over insignificant and suspicious details. Giving the word “ shall ” an exalted meaning never ascribed to it in setting an election aside is unheard of (see Matter of Hurley v. Cheshire, 234 App. Div. 464, affd. 259 N. Y. 582, supra). In that case, as here, the notice was not material. By denying protection to the electorate the court is giving added protection to an unfaithful official who did not for some undisclosed reason discharge his duties fully. This is tyranny—not democracy.
The petition, therefore, should be dismissed.
Judges Jasen, Gabrielli, Jones and Wachtler concur with Judge Breitel ; Judge Burke dissents and votes to reverse in a separate opinion in which Chief Judge Fuld concurs.
Order affirmed.