[No. 9,524. Department One. — June 17, 1884.]
MATTIE J. READ, RESPONDENT, v. F. M. RAHM ET AL., APPELLANTS.

65 343
100 281
65 343
134 607

HOMESTEAD — DECLARATION — STATEMENT OF VALUE. — A declaration of homestead stated that the cash value of the premises was three thousand dollars. *Held*, that this was a sufficient compliance with the provision of the statute requiring that the declaration contain an estimate of the actual cash value.

HUSBAND AND WIFE — GIFT — SEPARATE PROPERTY. — Where land is conveyed to a wife, with the consent of the husband, in consideration of a debt due from the vendor to the husband, the transaction operates as a gift of the land to her, and it becomes her separate property.

APPEAL from a judgment of the Superior Court of the County of Yolo, and from an order refusing a new trial.

*W. B. Treadwell*, and *W. C. Van Fleet*, for Appellants.

*J. C. Ball*, for Respondent.

THE COURT. — The action is to restrain the defendant Rahm, as sheriff, from selling two parcels of land upon an execution issued upon a judgment in favor of the defendant Farris, and against A. G. Read, plaintiff's husband, and W. H. Welsh, her father. It is alleged and found that the sheriff is about to sell the two tracts in one description.

I. The tract first described in the complaint has been the *homestead* of plaintiff's husband and herself since the 29th day of May, 1879, unless, as contended by appellants (defendants), the homestead declaration is *void*. The statement in the declaration with respect to the value of the premises is: "That the cash value of the said above described premises is three thousand dollars."

II. The statute requires: "3. A description of the premises. 4. An estimate of their actual cash value." (Civ. Code, § 1263.)

It seems to us no one could understand a statement that certain premises were of the cash value of three thousand dollars, as anything else than a statement that the sum named was their *actual* cash value. It is true, it is not to be *presumed* that a statute contains meaningless phrases having no significance, and some effect, if possible, must be given to every word. (*Cory* v. *Hyde*, 49 Cal. 472; *Laugenour* v. *French*, 34 Cal. 98.) But when a statutory right can be acquired by the execution of an

instrument, the instrument is sufficient in form if it contains every substantial statement required by the statute. The "value" of a tract of land is its true and absolute value. The value is its actual existing value, as opposed to its potential or possible value.

III. There can be no doubt that any indebtedness due from Welsh, for *board* of himself and sons, was due to the community. Nor could the husband make a gift to his wife of his interest in what should be paid by Welsh for such board in the future. He could not give that which he had not yet acquired. A gift is not consummated without delivery; the subject of it must, therefore, be *in esse*. (2 Kent Com. side p. 438.)

But the court below found, and there was evidence to sustain the finding, that, after a settlement, there was found to be due from Welsh for board and for certain services rendered by plaintiff, the sum of one thousand six hundred and sixty-two dollars, "and by mutual understanding and agreement between said plaintiff, her husband, and her father, said deed (of the tract last described in the complaint) was made by her father to her," etc. There is no allegation in the answer of any fraud on the part of the husband, or that the property was conveyed to her to defraud *his* creditors. The averment is that the plaintiff confederated with her father that he should make the conveyance and she receive it, to defraud the father's creditors.

The transaction may be treated as a purchase by the husband; the consideration of the conveyance being an indebtedness due the community. The consent of the husband that the conveyance should be made to the wife, with the intent that it should become her separate property, operated as a gift to her. (*Higgins* v. *Higgins*, 46 Cal. 259.)

The court below found that the conveyance by Welsh to plaintiff was not made with intent to hinder, delay, or defraud defendant Farris or any creditor. The question of fraudulent intent is one of fact and not of law. (Civ. Code, § 3442.)

There was at least a substantial conflict in the evidence with reference to the intent wherewith the conveyance was made.

Judgment and order affirmed.

Hearing in Bank denied.