[No. 12216.   Department Two. — January 25, 1888.]

BELLE M. MORGAN, APPELLANT, v. FRED HECKER, RESPONDENT.

GIFT—HUSBAND AND WIFE—FRAUDULENT CONVEYANCE—EXISTING CREDITORS. — A gift from a husband to his wife, which is reasonable in amount, and made without any fraudulent intent on the part of the donor, at a time when he was financially solvent, is not void as to existing creditors of the donor.

ID. — FRAUDULENT INTENT QUESTION OF FACT. — The question whether a transfer of property was made with fraudulent intent is one of fact, and not of law.

APPEAL from a judgment of the Superior Court of Butte County, and from an order refusing a new trial.

The facts are stated in the opinion.

*Hundley & Gale,* for Appellant.

The gift in question was not void as to existing creditors of the donor. (2 Pomeroy's Eq. Jur., sec. 972; Stewart on Husband and Wife, sec. 116; *Salmon* v. *Bennett,* 1 Conn. 525; 7 Am. Dec. 237; *Sexton* v. *Wheaton,* 8 Wheat. 229; *Bank of United States* v. *Housman,* 6 Paige, 534; *Seward* v. *Jackson,* 8 Cow. 438; *Norton* v. *Norton,* 5 Cush. 529; Civ. Code, secs. 3431, 3442.)

*A. F. Jones,* and *Reardan & Freer,* for Respondent.

The gift from the husband to the plaintiff was void as to existing creditors. (*Wells* v. *Stout,* 9 Cal. 497; *Kohner* v. *Ashenauer,* 17 Cal. 582; *Peck* v. *Brummagim,* 31 Cal. 440; *Wood* v. *Whitney,* 42 Cal. 361; *Kane* v. *Desmond,* 63 Cal. 464; *Savage* v. *Murphy,* 34 N. Y. 508; 90 Am. Dec. 733; *Hames* v. *Clark,* 48 Barb. 238; 1 Story's Eq. Jur., sec. 359.)

FOOTE, C. — Hecker, the respondent here, was a creditor of W. J. Morgan, the husband of the plaintiff, in the sum of two hundred dollars. While he, the husband, was so indebted, Belle M. Morgan, the plaintiff, received from him, as a gift, and without any valuable consideration, a certain mare of the value of two hundred dollars, a buggy of the value of seventy-five dollars, and a set of harness of the value of fifteen dollars, all of which property was taken possession of by her, and used as her own, until levied upon by an execution issuing out of a justice's court by virtue of a judgment recovered against W. J. Morgan by the respondent, Hecker. The property was sold under the execution and bought in by Hecker. This suit was instituted by Belle M. Morgan to recover the property or its value.

The court below gave judgment in favor of Hecker, and from that the plaintiff has appealed upon the judgment roll only.

From the findings it appears, in addition to the facts heretofore stated, " that the said Morgan, the husband of the said plaintiff, was, at the time of the gift of the said personal property to his said wife, the plaintiff herein, in solvent financial circumstances, being the owner of real and personal property of the value largely in excess of the value of the property given to his said wife, and more than sufficient to meet all of his then existing liabilities, and enjoying and receiving a salary of $166.66 per month."

There is no finding that in making the gift there was any intent on the part of W. J. Morgan to hinder, delay, or defraud his creditors. Nor is it found that he owed any other debt than the one to Hecker.

From the conclusions of law, it is evident that the court below held the gift of the personal property involved in the action to have been void as to Hecker, an existing creditor, solely because the husband owed that debt at the time he made the gift.

Formerly, it was a much vexed and doubtful question, so divided were different judges in their opinions upon the subject, whether or not a gift made of any of his property by one indebted was absolutely void as to existing creditors.

Judge Kent, in *Reade* v. *Livingston*, 3 Johns. Ch. 481, having gone to the full extent of holding any such gift fraudulent and void; while the supreme court of Connecticut, in *Salmon* v. *Bennett*, 1 Conn. 553, the supreme court of New York, in *Seward* v. *Jackson*, 8 Cow. 438, 455, 456, the supreme court of the United States, in *Hinds* v. *Longworth*, 11 Wheat. 213, and in *Kehr* v. *Smith*, 20 Wall. 31, 35, seem to repudiate so extreme a rule upon the subject, and hold that a voluntary gift without consideration only creates a *prima facie* presumption of an

intent to defraud, and the presumption of fraudulent intent resulting from that fact may be rebutted by evidence. In California, the rule is declared to be that "the question of fraudulent intent is one of fact, not of law." (*Swartz* v. *Hazlett*, 8 Cal. 128; *Read* v. *Rahm*, 65 Cal. 344; Civ. Code, sec. 3442.)

So far, then, as this case is concerned, the gift to Mrs. Morgan was void or not according as the facts found show or do not show a fraudulent intent on the part of her husband, at the time he made her the gift, to hinder, delay, or defraud his existing creditor, Hecker; for the record does not show that he had any other creditor.

The fact that the gift was made without consideration, and that Hecker was at the time a creditor, is a fact which might tend to show a fraudulent intent on the part of W. J. Morgan; but when it is rebutted by the facts set out in the finding, that Morgan was solvent, — that is, able to pay his debts from his own means as they became due (Civ. Code, sec. 3450); that he possessed more than sufficient property, both real and personal, to meet all of his then existing liabilities; and and that, besides, he was receiving a salary of $166 per month, — the presumption that might arise from the gift being made without consideration when he was indebted disappears.

It does not appear that the gift was an unreasonable provision for the wife, nor that, in making it, the husband did not still have enough property left, easily and without any delay or embarrassment, to have promptly paid his debts, or that his creditor could not, without trouble, have collected the debt by law. The court has not found any fraudulent intent on the part of the husband in making the gift; nor has it found any probative facts, from which the existence of such intent may be inferred as an ultimate fact.

We have been cited to many cases in our state reports by respondent as announcing a view in consonance with

that held in *Reade* v. *Livingston, supra;* but a close ex-amination of those cases discloses the fact that in none of them were the precise points directly decided which are here involved, and what is there said by this court touching those matters is not binding as to the present case.

Wherefore we are of opinion that the judgment should be reversed, and the cause remanded for a new trial.

HAYNE, C., and BELCHER, C. C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is reversed, and cause remanded for a new trial.