[No. 16007.   Department One.   October 13, 1920.]

WILLIAM McCUSH, *Appellant*, v. WILL D. PRATT, *as
Secretary of the Board of Directors of Bellingham
School District No. 301, of Whatcom
County, Respondent.*[1]

OFFICERS (26-1)—RECALL—JOINT PETITION—STATUTES—CONSTRUC-
TION.  Under the provisions of the Constitution, Amendment 8, Art.
1, § 33, and Rem. Code, § 4940-1, authorizing the recall of any public
officer, upon the filing of charges against "him", using the singular
number, there can be no joint recall of several officers of a board
upon joint charges which do not permit the voter to express his
wishes singly as to any one of the officers being recalled.

Appeal from a judgment of the superior court for
Whatcom county, Brawley, J., entered July 15, 1920,
upon sustaining a demurrer to the complaint, dismiss-
ing an action for an injunction.   Reversed.

*Kellogg & Thompson*, for appellant.

*Lester Whitmore* and *Thos. R. Waters*, for respond-
ent.

MAIN, J.—The purpose of this action was to restrain
the defendant, as secretary of the board of directors
of Bellingham School District No. 301, from calling a
recall election.   To the complaint, a demurrer was
interposed and sustained.   The plaintiff elected to
stand upon the complaint and refused to plead further.
Thereupon a judgment was entered dismissing the
action, from which the appeal is prosecuted.   A brief
statement of the facts as they appear in the complaint
will present the question to be determined upon this
appeal.

Three members of the board of directors of the Bell-
ingham school district, of which the plaintiff was one,
were being subjected to a recall.   On the 21st day of

[1]Reported in 192 Pac. 964.

April, 1920, certain of the electors of the district filed charges with the secretary of the board against three members thereof, claiming that such members had been guilty of certain acts of malfeasance and misfeasance in office. Thereafter a petition was prepared for the recall of the three members against whom the charges were directed. The petition, being signed by a sufficient number of the electors to require the calling of the recall election, was filed with the respondent on the eleventh day of May, 1920. As already pointed out, the present action was begun for the purpose of restraining the respondent, as secretary of the school board, from calling the recall election. The charges made against the members sought to be recalled were against them not individually and separately, but jointly. The petition for their recall was a joint petition for the recall of the three. The voter, when the petition was presented to him, must sign either to recall all three of the members against whom the charges had been directed or refrain from signing at all; he could not sign to recall one without the other two.

The question in the case is whether, under the constitution and statutes of this state, public officers can be jointly recalled, or whether it is necessary that a separate petition for a recall of each officer be circulated. The constitution, among other things, provides:

"Every elective public officer in the state of Washington, except judges of courts of record, is subject to recall and discharge by the legal voters of the state or of the political subdivision of the state from which he was elected, whenever a petition demanding his recall, reciting that such officer has committed some act or acts of malfeasance or misfeasance while in office or has violated his oath of office, stating the matters complained of——is filed——." Constitution, Amendment 8, Art. 1, Sec. 33.)

Section 4940-1, Remington's Code, is as follows:

, "Whenever any legal voter or committee or organization of legal voters of the state or of any political subdivision thereof shall desire to demand the recall and discharge of any elective public officer of the state or of such political subdivision, as the case may be, under the provisions of sections 33 and 34 of article 1 of the constitution, he or they shall prepare a type-written charge, reciting that such officer, naming him and giving the title of his office, has committed an act or acts of malfeasance, or an act or acts of misfeasance while in office, or has violated his oath of office, or has been guilty of any two or more of the acts specified in the constitution as grounds for recall, which charge shall state the act or acts complained of in concise language, without unnecessary repetition, and shall be signed by the person or persons making the same, give their respective postoffice addresses, and be verified under oath that he or they believe the charge or charges to be true."

The excerpts quoted from the constitution and the statutes indicate plainly that, where there is an attempt to recall two or more public officers, separate petitions must be signed and filed against each officer. The provisions of the constitution and of the statutes refer to "public officer," the petition demanding "his" recall, at all times using the singular and never the plural. Nowhere is it provided for charges or petitions against "officers," or for "their" recall. The same thought is carried through other portions of the constitution and statutes which are not quoted. From the standpoint of the citizen, there is a good reason why separate petitions should be filed against each officer who is sought to be recalled. If the officers are covered jointly in a petition, the voter, when it is presented to him, must either sign to recall all or none. He may desire a recall of one and feel that it is his duty to so sign. He may believe that the charges

against the other or others are not well founded and that the petition for their recall should not be signed. In order to exercise his judgment in one respect he must go counter to his conviction in another. The recall provisions of the constitution and of the statutes should not be given the construction which would subject the voter to this embarrassment, unless the language used makes such a holding imperative. There is also a reason, so far as the officer sought to be recalled is concerned, why the petition should be separate and not joint. The official should have the right to be judged by his fellow citizens as to his own merits or demerits. He should not be recalled because of the shortcoming of some other officer.

The exact question here presented has never before been called to the attention of this court, and, so far as we are advised, has never been passed upon by any court of last resort, except the supreme court of Tennessee in the case of the *State ex rel. Brown v. Howell*, 134 Tenn. 93, 183 S. W. 517. There the court had before it recall provisions similar in language to those of this state. In a well considered opinion, from which we shall take the liberty of quoting somewhat copiously, the court reached the conclusion, based upon what seems to us sound reasoning, that a recall petition could not be directed at a number of officials jointly, but that a separate petition must be prepared and filed for each officer whose recall may be desired. It was there said:

"The petition signed by the voters constitutes, so to speak, the pleading or indictment initiatory to remove an official. It should be directed against a single individual for the reason, first as we think, that it is so contemplated by the act of the legislature granting this remedy to the city charter. The act starts out with

the provision that the mayor or any commissioner elected by the people under the terms and provisions of this act may be removed from such office by the qualified voters of the city. All the way through it grants authority to proceed against an officer sought to be removed, and nowhere indicates that the method may be proceeded with against a number of officials jointly. See Priv. Acts 1913, ch. 22, sec. 32.

"The impropriety and injustice of proceeding against a number of persons in one petition is manifest. It is subject to objection on the ground that a voter, when presented with the petition, must judge as to the question of whether he shall ask for a removal of a number of men or else submit to the retention in office of all. He is not given the clear-cut right to pass on each individual and exercise his own individual judgment as to that particular person. The fact that the petition stated the same cause of removal against all does not cure it of this objection. The voter ought to have the right to judge singly against each officer if he so desires. The legislature evidently so intended.

"The same right to exercise independent judgment on each separate official must exist in the initiatory step of removal, as effectively as that the voter may so exercise at the ballot box his right and duty to elect a new official or recall an old one. As well might it be said that the voter shall be compelled to vote for a number of men jointly and be denied the right to vote as to each one singly, as to say he may not judge of the propriety of holding in office each individual official who had been previously elected. The initial step in the removal is quite as important as the final vote in the recall.

"The official also should have the right to be judged alone by his fellow citizens as to his own merits or demerits. That the law-making body so intended in providing the recall we have no doubt. To construe it otherwise would be to attribute to the legislature the enactment of an unwise and intolerable law.

"We have been furnished with no citation showing

that any state has permitted the practice of including in the petition for recall a number of officials to be considered jointly. We take it for granted that none can be found; for counsel have prepared the case with great care. This indicates that the practice is the contrary wherever the remedy has been applied.

"Two California cases have been found and cited where the removal of several officials occupying similar positions was sought by separate petitions against each official, circulated and signed by the voters. These are *Conn v. Richmond*, 17 Cal. App. 705, 121 Pac. 714, and *Robinson v. Anderson*, 26 Cal. App. 644, 147 Pac. 1182. These cases afforded a construction of the proper practice under similar proceedings to that now before the court by a state which was a pioneer in this remedy of recall of public officials.

"Those authorities cited by the petitioners holding that the recall is an efficient means of removal and should be given a liberal construction do not touch the question here, which is fundamental and goes to the personal right of the citizen. It is not a mere question of nicety of pleading. It is a question of construction of a statute of the state, and we construe it in accord with the spirit of our institutions.

"This law is intended as a simple, direct, and just method of declaring a public official unfit to hold a given office, and gives twenty-five per cent. of the voters the power to stamp him with disapproval. When so disapproved, he is by that act presented to all the voters for recall. How important it is, then, to the official himself, as well as to the public, that such power be so administered as to prevent political combinations, those who object to one official combining with those who object to another.

"This is not a mere matter of pleading requiring a demurrer or plea in abatement. In their initiatory petition there was a failure to comply with the statute providing for the recall. The petition being improperly directed at a number of officials jointly, which is not permitted or provided for in the statute, it was a void proceeding."

The judgment will be reversed, and the cause remanded with directions to the superior court to enter a judgment sustaining the demands of the complaint.

HOLCOMB, C. J., FULLERTON, PARKER, and MITCHELL, JJ., concur.