[Civ. No. 3789. Third Appellate District.—April 2, 1929.]

L. H. BRICKER, Petitioner, v. A. L. BANKS, as City Clerk, etc., et al., Respondents.

Stahlman & Bennett for Petitioner.

J. LeRoy Johnson for Respondents.

FINCH, P. J.—This is an original application for a writ of mandate to compel the city clerk of Stockton to certify and file two petitions, one for the recall of a city councilman and the other for the recall of four other city councilmen, and to compel the city council to call a special election to determine whether the councilmen named in the petitions shall be recalled. The city clerk refused to certify and file either petition on the ground that in each of them the statement of the reasons for demanding the recall contained more than two hundred words and one of them on the further ground that it demanded the recall of four city councilmen.

The charter of the city of Stockton provides for the recall of elective officers thereof. Article XXVIII, section 2, relating to recall of officers provides: "The petition must contain a statement of the reasons for the demand." (Stats. 1923, p. 1394.) Section 5 of the same article provides: "In the published call for the election there shall be printed in not more than two hundred words the reasons for demanding the recall of the officer as set forth in the recall petition." Each petition involved herein contains nearly three hundred words in the statement of the reasons for the recall. It is apparent therefore that the reasons for demanding the recall "as set forth in the recall petition" cannot "be printed in not more than two hundred words." If two hundred words are to be selected from the statement contained in the petition, it does not appear upon what officer the duty of selecting those words falls. A writ of mandate issues "to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust or station." (Code Civ. Proc., sec. 1085.) The principle of law involved is analogous to that in *Bennett* v. *Drullard,* 27 Cal. App. 180, 184 [149 Pac. 368], where it

was held that there was no duty specially enjoined upon the city council and city clerk, respondents therein, to segregate the invalid from the valid propositions contained in the initiative petition there under consideration and submit the valid parts to the voters. Counsel for the petitioner herein contends that the provision of the charter limiting to two hundred words the reasons for demanding the recall of an officer is directory only. ▮ It may be conceded that a recall election held in pursuance of a petition stating the reasons for the recall in somewhat more than two hundred words would not be held invalid on the mere ground that the published call for the election used too many words in stating such reasons, but in the initial stages of a proceeding for the recall of an officer, in determining the sufficiency of a petition therefor, the law certainly does not enjoin upon any officer, as a duty resulting from his office, the disregard of even a directory statute.

▮ Article XXVIII of the Stockton charter, relating to the recall of officers, uses the singular number throughout. It provides that a recall election may be initiated by "a petition signed by qualified electors, equal in number to twenty per centum of the entire votes cast at the last preceding general municipal election." This provision contemplates, of course, that the petition shall represent a fair expression of the will of such electors. When a petition for the recall of several officers is presented to an elector for his signature, if he is of the opinion that some, but not all, of such officers ought to be recalled, he is afforded no means of expressing his will. He must either sign the petition demanding the recall of all, some of whom he believes are faithful, or refuse to sign it, although he may know that one or more of such officers are corrupt. It ought not to be held that the law puts a voter to such a choice in the absence of an express provision to that effect. In the language of Chief Justice Angellotti in *Wilson* v. *Blake,* 169 Cal. 449, 454 [Ann. Cas. 1916D, 205, 147 Pac. 129, 131], "the provisions of the charter specifically applicable to the matter of recall, clearly show, in my opinion, that the recall proceeding contemplated is necessarily one against a *single* officer." In the discussion of a similar petition in *State ex rel. Brown* v. *Howell,* 134 Tenn. 93 [L. R. A. 1916D, 1097, 183 S. W. 517], it is said:

"The impropriety and injustice of proceeding against a number of persons in one petition are manifest. It is subject to objection on the ground that a voter, when presented with the petition, must judge as to the question of whether he shall ask for a removal of a number of men or else submit to the retention in office of all. He is not given the clear-cut right to pass on each individual and exercise his own individual judgment as to that particular person. The fact that the petition stated the same cause of removal against all does not cure it of this objection. The voter ought to have the right to judge singly against each officer if he so desires. The legislature evidently so intended. The same right to exercise independent judgment on each separate official must exist in the initiatory step of removal, as effectively as that the voter may so exercise at the ballot box his right and duty to elect a new official or recall an old one. As well might it be said that the voter shall be compelled to vote for a number of men jointly and be denied the right to vote as to each one singly, as to say he may not judge of the propriety of holding in office each individual official who had been previously elected. The initial step in the removal is quite as important as the final vote in the recall. The official also should have the right to be judged alone by his fellow citizens as to his own merits or demerits. That the lawmaking body so intended in providing the recall we have no doubt. To construe it otherwise would be to attribute to the legislature the enactment of an unwise and intolerable law."

In *McCush* v. *Pratt*, 113 Wash. 7 [192 Pac. 964], it is said: "From the standpoint of the citizen there is a good reason why separate petitions should be filed against each officer who is sought to be recalled. If the officers are covered jointly in a petition the voter, when it is presented to him, must either sign to recall all or none. He may desire a recall of one and feel that it is his duty to so sign. He may believe that the charges against the other or others are not well founded, and that the petition for their recall should not be signed. In order to exercise his judgment in one respect, he must go counter to his conviction in another. . . . There is also a reason so far as the officer sought to be recalled is concerned why the petition should be separate and not joint. The official should have the right to be

judged by his fellow citizens as to his own merits or demerits. He should not be recalled because of the shortcomings of some other officer.''

■ An act to provide for the recall of elective officers of incorporated cities and towns (Stats. 1911, Extra Sess., p. 128) provides: ''One petition is sufficient to propose the removal and election of one or more elective officials.'' Section 2 of the act, however, provides: ''This act is not intended to apply to those cities having a freeholders' charter, adopted under the provisions of section 8 of article XI of the Constitution, and having in such charter provision for the recall of elective officials by the electors.'' The city of Stockton has such a charter with such a provision for the recall of officers. Section 4021a of the Political Code contains the same language as that quoted from the statute of 1911. That section is limited, however, to the recall of officers ''of any county or of any township or supervisor district thereof.'' The recall of officers in a city having a special charter which provides for such a recall is a municipal affair and is not controlled by general laws inconsistent with the charter provisions in relation thereto. (*Schaefer* v. *Herman,* 172 Cal. 338 [155 Pac. 1084].) ■ Of course, the question of recalling several officers may be submitted at the same election where separate petitions are presented. In such an election the electors are not denied the right to vote for the recall of some of such officers and the retention in office of others.

There is some discussion in the briefs respecting the form of the ballot in a recall election under the charter. That question, however, is not properly before the court for decision and any discussion thereof or expression of opinion in relation thereto would serve no useful purpose.

The alternative writ of mandate issued herein is discharged and the petition for a peremptory writ is denied.

Thompson (R. L.), J., and Plummer, J., concurred.