[S. F. No. 16458.   In Bank.—August 23, 1940.]

HUGH M. THOMPSON, Petitioner, v. WILLIAM KERR, Registrar of Voters, etc., et al., Respondents.

Lawrence W. Allen, William Schreider, Philip C. Boardman and Joseph Seymour for Petitioner.

Earl Warren, Attorney-General, Robert W. Harrison, Chief Assistant Attorney-General, Ralph E. Hoyt, District Attorney (Alameda County), J. F. Coakley, Chief Assistant District Attorney, R. Robert Hunter, Assistant District Attorney, M. Arthur Waite, District Attorney (Ventura County), O'Melveny & Myers and Louis W. Myers for Respondents.

THE COURT.—In this original proceeding for a writ of mandate, the petitioner seeks to compel the certification of certain names alleged to have been signed to a supplemental initiative petition proposing a constitutional amendment relative to "Retirement Life Payments". The signatures which it is sought to have certified were rejected by the respondent county officers either because the signers had not personally affixed the date thereto or because they antedated the filing of the original initiative petition.

An original and an amended petition for mandate have been here filed. Respondents have demurred both generally and specially to the amended petition. In our opinion the demurrers are well taken. In the original petition it was alleged that the respondents Kerr and Hallowell had improperly and arbitrarily rejected 4,120 and 708 signatures, respectively, because the signers assertedly had not personally affixed the date after their respective signatures, it being petitioner's contention that any requirement therefor is directory and not mandatory. The Elections Code, adopted in 1939, provides that each signer of an initiative petition "shall at the time of signing the petition or paper himself affix thereto the date of his signing . . . ". (Sec. 45.) This code also de-

clares: " 'Shall' is mandatory and 'may' is permissive." (Sec. 15.) That the provisions of section 45, *supra*, constitute reasonable legislative regulations in furtherance of and not limitations upon the initiative power reserved in the Constitution is now definitely settled. (*Uhl* v. *Collins*, 217 Cal. 1 [17 Pac. (2d) 99, 85 A. L. R. 1370].)

In the amended petition for mandate a shifting of position is evident. It is there expressly alleged for the first time that each of the above-mentioned signers had affixed the date in his "original handwriting". However, it appears upon examination of such amended petition that the allegation just referred to purports to be made not by the petitioner, who verified the petition, but rather by one designated in the petition as the "proponent" of the initiative measure and who is not a party to this proceeding. Obviously, an allegation by one not a party to the proceeding is meaningless and can have no bearing upon the determination thereof. Upon the argument, the respondents moved to strike such allegation from the amended petition. In so doing, however, they expressed in open court a willingness to waive other grounds of demurrer if the petition were amended in a manner that the petitioner, rather than a stranger to the litigation, should undertake to make the allegation with respect to the matter of the dates having been affixed personally by the signers. Counsel for petitioner thereupon stated in open court that "if there is a change either by word or amendment or substitution of the word 'petitioner' for the word 'proponent', it will come from the petitioner. I have no privilege to substitute the term and I do not feel that it is incumbent upon me or that it is a responsibility that I have assumed." In the absence of such amendment, the motion to strike must be, and it is, granted, and the demurrers are hereby sustained to the cause of action directed to the signatures rejected because of the failure of the signers to affix personally the date of signing.

The demurrers must likewise be sustained as to the cause of action wherein it is alleged that the respondents Hallowell and Wade had improperly and arbitrarily rejected 304 and 1554 signatures, respectively, appearing on the supplemental initiative petition because the dates on which they were affixed were prior to the time of filing the original petition. Inasmuch as the constitutional provision requires that "all said sections [referring to the sections of an *original*

initiative petition] circulated in any county or city and county shall be filed at the same time" (Const., art. IV, sec. 1), and in view of the further provision therein that a supplemental petition is to be circulated "within forty days from the transmission of the said [original] petition", obviously only the names of voters signed to a "supplemental" petition during the extended period may be included among those required to qualify the initiative measure. In this connection, see, also, *Thompson* v. *Vaughan,* 192 Mich. 512 [159 N. W. 65].

What we have said adequately disposes of this proceeding, and it is unnecessary that we here determine the propriety of the action of the respondent Secretary of State in refusing to accept 420 duly certified signatures from Tuolumne County on the ground that they were received at his office two days after the asserted deadline for their receipt. Under the allegations of the petition herein, this group of signatures, even if improperly rejected, would not serve to make up the deficiency otherwise existing in the number of qualified signatures.

The alternative writ is discharged and a peremptory writ is denied.