[Civ. No. 17637. Second Dist., Div. One. Sept. 19, 1950.]

JENNIE REITES et al., Petitioners, v. RUSSELL B. WILKERSON et al., Respondents.

Enger & Hiller and Louis Thomas Hiller for Petitioners.

Ray L. Chesebro, City Attorney, Bourke Jones and Roger Arnebergh, Assistant City Attorneys, for Respondents.

THE COURT.—Petitioners herein made a motion in this court that respondent Walter C. Peterson, City Clerk of the City of Los Angeles, appear and show cause why he should not be cited for contempt of this court for allegedly failing and refusing to comply with the terms of a peremptory writ of mandate issued out of this court on the 25th day of January, 1950 (95 A.C.A. No. 7, p. 4 of minutes).

This proceeding concerns the examination and certification by respondent city clerk of certain petitions filed with him for the recall of Honorable Fletcher Bowron as Mayor of the City of Los Angeles.

Insofar as here pertinent the facts are that on January 5, 1950, the original petitions for such recall election were filed with respondent city clerk. On August 22, 1950, in conformity with the provisions of the Los Angeles City Charter as interpreted by this court in the foregoing writ of mandate, respondent city clerk duly certified to the council of said city that said petitions did not contain sufficient names to require the holding of an election for the recall of Mayor Bowron.

Section 273 of the Los Angeles City Charter provides in part

that when such a recall petition is found to be insufficient and so certified to the council, "it may be amended by filing a supplemental petition or petitions, in form, a duplicate of original petition bearing additional signatures, within ten days from the date of such certificate . . ."

Within the 10 days after said certification of insufficiency, and as provided in the foregoing charter provision, to wit, on August 30, 1950, there was filed with respondent city clerk a supplemental petition consisting of 1,236 sections and containing 73,649 names of claimed registered voters of the city of Los Angeles. Some 3,979 of such names had been signed to said petition prior to January 5, 1950, the date when the first original recall petition was filed. The remainder of said names were signed subsequent to January 5, 1950, but only 915 names were affixed to said petition within 10 days subsequent to August 22, 1950, or in other words, within 10 days after the foregoing certificate of insufficiency was filed with the council by respondent city clerk.

Acting upon the advice of the City Attorney of Los Angeles, respondent city clerk refused to examine any of the names on such supplemental petition other than the 915 names affixed thereto within 10 days after August 22, 1950.

Contending that respondent city clerk was required to examine all names affixed to said supplemental petition after January 5, 1950 (date of the original petition) petitioners commenced the instant proceeding.

Upon the hearing of the within motion praying that respondent city clerk show cause why he should not be cited for contempt of court, he appeared and defended his action on the ground that only signatures obtained during the extended period of 10 days following a certificate of insufficiency may be considered by him in examining a supplemental recall petition.

There being no dispute as to the facts, the issue before us presents solely the problem of proper construction and application of the foregoing language quoted from section 273 of the municipal charter of Los Angeles, particularly the language therein contained which reads: "It (the recall petition) may be amended by *filing* a supplemental petition or petitions . . . within ten days from the date of such certificate . . ." (emphasis added) of insufficiency of the original petition.

The courts are ever mindful of the desirability of having recall petitions presented to the people through election without delay or excessive expenditure of time, money and

effort (*Gage* v. *Jordan,* 23 Cal.2d 794, 799 [147 P.2d 387]). And legislation affording the people a right to initiate legislation, repeal legislation or recall public officials is to be given the same liberal construction as that extended to election statutes generally.

The charter of the city of Los Angeles nowhere declares that a supplemental petition must be "circulated" within the 10 days following certificate of insufficiency of the original petition. The charter plainly states that such supplemental petition may be "filed" within such time. Since no express or implied prohibition against solicitation of signatures prior to the 10-day period following certificate of insufficiency appears, if we are to adopt a liberal construction it must be held that such practice is permissible. To hold otherwise would require us to write into the charter language not now present therein. This we cannot do because we may not place restrictions upon the charter provisions and procedure for holding recall elections which are not now found therein.

We are not here confronted with a situation wherein we are called upon to construe language in the charter that is fairly susceptible of two constructions. The charter provision is definite and certain. It permits the *filing,* but does not require the circulation of supplemental petitions within the extended 10-day period.

It is obvious of course that a supplemental petition may not be signed prior to the filing of the original petition, since to label it a "supplemental" petition would be a misnomer for it would in fact be part of and included in the original petition and must be filed therewith. But once the original petition is filed, we find no prohibition in the charter against the circulation of a supplemental petition to be filed in the event of insufficiency of the original one.

Respondent city clerk places great reliance on the case of *Thompson* v. *Kerr,* 16 Cal.2d 130, 133 [104 P.2d 1021]. This however was a proceeding wherein the question presented and the decision rendered concerned the validity of signatures obtained prior to the filing of the original petition. The issue in that case did not involve signatures obtained during the 20-day period within which, in that case, the county clerk checks the signatures on the original petition. We therefore regard as pure dictum, unnecessary to the decision, the following language appearing on page 133 of the cited case: "and in view of the further provision therein that a supplemental petition is to be circulated 'within forty days from the trans-

mission of the said (original) petition,' obviously only the names of voters signed to a 'supplemental' petition during the extended period may be included among those required to qualify the initiative measure.''

Furthermore, the foregoing statement of the court does not appear to us quite accurate, since an examination of the constitutional provision there under consideration (art. IV, §.1, par. 10) reveals that it restricts only the *filing* of the supplemental petition and does not contain any language that would confine the *circulation* of the supplemental petition to the extended 40-day period.

The same conclusion applies to the case of *Gage* v. *Jordan, supra,* wherein, on page 802, in construing the aforesaid constitutional provision (art. IV, § 1, par. 10) the court says: ''Hence in each respective county where petitions are circulated, the process must be completed within 70 days from the first filing of sections of any petition with the county clerk or registrar, to wit: 20 days to check first sections, 40 days to *secure* supplemental names, and 10 days to check supplemental names.'' (Emphasis added.) But the pertinent constitutional provision does not use the word ''secure'' names to a supplemental petition. The word used in the constitution is ''filed'' with the clerk or registrar of voters.

The very evident purpose of a supplemental petition under the provisions of the Los Angeles City Charter here under consideration is to supply any deficiency that may be found by the city clerk in the original petition after it has been presented to him. In other words, if the original petition is found insufficient, the proponents of the recall are afforded 10 days within which to *file* a supplemental petition or petitions. But nowhere in the city charter does there appear anything which expressly or impliedly prohibits the proponents from making advance preparation for such a contingency, by commencing the circulation of supplemental petitions immediately after they have filed the original petition or petitions. Indeed, it is but natural to assume that such would be the precaution taken by the proponents of any initiative or recall petition.

The peremptory writ of mandate issued by this court directed respondent city clerk within 10 days after his certification of insufficiency of the original petition or petitions, to permit the proponents to file a supplementary petition or petitions, ''in conformity with the charter provisions.'' This the proponents have done, and for the foregoing reasons it

now becomes the duty of respondent city clerk to examine all signatures signed to said supplemental petition or petitions subsequent to January 5, 1950, the date when the original petition or petitions were lodged with him.

Since respondent city clerk refused to examine any signatures other than those signed during the 10-day extended period because of an opinion rendered him by the city attorney, we are not disposed to regard his conduct as requiring the issuance at this time of an order to show cause *in re* contempt.

It is therefore ordered that petitioners' motion for the issuance of an order directing respondent city clerk to show cause why he should not be cited for contempt may go off calendar, and it is further ordered that pursuant to the peremptory writ of mandate heretofore issued by this court that respondent city clerk proceed forthwith to examine all names signed to said supplemental petition or petitions subsequent to the 5th day of January, 1950 (the day of presentation of the original petition or petitions), and August 30, 1950 (the date when the supplemental petition or petitions were presented), and that such of said names as are found to be the signatures of registered voters of the city of Los Angeles, be counted as valid signatures. That within 10 days from and after the filing of this decision, respondent city clerk shall make examination of such supplemental petition or petitions in the manner aforesaid (Charter of the City of Los Angeles, § 273) and certify to the result of such examination as provided by the terms of said city charter.