[Civ. No. 30598. Second Dist., Div. Four. Sept. 16, 1966.]

GUY MOORE et al., Petitioners, v. CITY COUNCIL OF THE CITY OF MAYWOOD et al., Respondents.

Burke, Williams & Sorensen and Harry C. Williams for Petitioners.

Martin & Flandrick and Robert Flandrick for Respondents.

CHANTRY, J. pro tem.*—This is an original application to compel the City Council of Maywood and the City Clerk of Maywood to call and conduct a special election for the recall of Councilman John P. Kearney and Councilwoman Maymie R. Anderson based upon two recall petitions filed on March 29, 1966. There is no disagreement as to the facts.

The petitioners attempted to recall Kearney and

*Assigned by the Chairman of the Judicial Council.

Anderson on two separate occasions. The first attempt to remove these two public officials was made on January 10, 1966, by presenting Isabel L. Dedmore, the City Clerk of Maywood, with a set of recall petitions. These petitions were accepted by the clerk and marked with this notation: "Received for Filing . . . , Subject to Checking in Accordance with the Elections Code." The petitions were not eligible for circulation and signing under section 27507,[1] Elections Code,[2] until December 17, 1965. While checking signatures with the records of registration, she discovered the dates added by some of the signers were prior to December 17, 1965.[3]

The clerk immediately requested a legal opinion from the city attorney, who advised her by letter, "If the remaining number of signatures does not amount to twenty-five (25) per cent of the total registered voters, then said petition is not entitled to be filed and should be returned to the person who tendered it to you for filing." The petitions of January 10, 1966, were promptly returned by the clerk to the persons who presented them with a letter which said that in making a detailed check of the recall petition it was determined the number of acceptable signatures was less than the required 25 per cent,[4] and "Therefore, this petition cannot be accepted for filing and is herewith being returned to you."

The returned petitions did not have a certificate attached to them by the city clerk showing the result of her examination. No election was requested, and no further efforts to recall respondents were expended by petitioners under these petitions.

Petitioners' second attempt to recall Kearney and Anderson commenced on February 16, 1966, by filing anew a "Notice of Intention to Circulate Recall Petition" against each of them. These new recall petitions were duly circulated and thereafter filed with the City Clerk of Maywood on March 29, 1966.

On April 5, 1966, the city clerk in her attached certificate found the new petitions were sufficient and submitted them to the City Council of Maywood for the ordering of a special

---

[1] A recall petition may be circulated and signed seven days after publication or posting. (Elec. Code, § 27507.)

[2] All references are to the Elections Code unless otherwise indicated.

[3] It does not appear from the record how this fact was discovered.

[4] Section 27501 of the Elections Code provides: "A petition demanding the recall of the officer sought to be recalled shall be filed with the clerk of the legislative body of the city. The petition shall be signed by not less than 25 percent of the voters of the city on the day the petition is filed with the clerk."

election. The city council declined to order a special election based upon either of said petitions for the alleged reason that, within six months preceding said date, recall petitions had, in fact, been filed against these municipal officers. (§ 27500.)[5]

The application for writ of mandate and return raises these questions: (1) Is a purported recall petition acceptable for filing by the single factor of having on its face signatures of persons claimed to be registered voters appended in the required number? (2) Did the receipt and return of the January 10, 1966, petitions for the recall of Councilman John P. Kearney and Councilwoman Maymie R. Anderson by the City Clerk of Maywood constitute a ''filing'' within the meaning of Elections Code, section 27500 and thereby preclude the filing of a new recall petition for six months? (3) If, after the filing and examination of a recall petition and any supplemental petition thereto, the clerk's attached certificate shows the petition to be insufficient, may the proponent file an entirely new petition to the same effect without waiting six months?

The act for the recall of elective municipal officers (Elections Code, div. 14, chap. 3) provides a comprehensive scheme for the ordering of special recall elections. As part of the scheme the procedure to be followed is described with apparent particularity. Section 27500 provides proceedings for recall may be commenced by the service, filing, and publication of a notice of intention to circulate a recall petition pursuant to section 27504. The notice of intention to circulate should contain the name of the officer sought to be recalled, the title of his office, a statement in not more than five hundred words of the grounds on which recall is sought, and the name and address of at least one proponent. The notice of intention shall[6] be served on the officer sought to be recalled and a copy thereof showing time and manner of service filed with the clerk of the legislative body. (§ 27504.)

Within seven days after the filing of the notice of intention the officer served may file with the clerk an answer in not more than five hundred words to the statement of proponents, and if an answer is filed, shall serve a copy thereof on one of the proponents named in the notice of intention. (§ 27505.)

[5]Section 27500 provides no recall proceedings may be commenced against the holder of an office unless at the time of commencement, the holder has held office for at least six months and no recall petition has been filed against such holder within the preceding six months.

[6]Section 15 provides: ''Shall is mandatory and may is permissive.''

The notice, statement, and answer, if any, shall be published by proponents in conformance with the provisions of section 27506. Seven days after fulfilling the publication requirements, the recall petition, subject to form and substance provisions, may be circulated and signed. Signatures shall be secured and the petition filed within sixty days from the filing of the notice of intention. (§ 27507.)

Each signer of the petition shall add to his signature the date of signing and his residence. The petition, when filed, must have designated thereon the name or number of the respective precinct in which each of the signers resides. (§ 27508.)

Each section of the petition shall have attached to it an affidavit made by a voter of the city. This affidavit shall be sworn to and shall state that affiant solicited signatures to that particular section and saw written the signatures appearing thereon. The affidavit shall also state that, according to the best information and belief of affiant, (1) each signature is the genuine signature of the person whose name it purports to be, and (2) the signer is a qualified voter of the city or subdivision thereof. (§ 27509.)

Section 27510 provides: "In order to be acceptable for filing, the petition must on its face purport to have appended to it signatures of voters in the required number. Within 15 days from the date of filing the petition, the clerk shall examine and from the records of registration ascertain whether or not the petition is signed by the requisite number of voters. He shall attach to the petition his certificate showing the result of his examination. If the clerk's certificate shows the petition is insufficient, a supplemental petition, in form a duplicate of the original petition, may be filed within 15 days of the date of the certificate of insufficiency."

Section 27511 provides: "The clerk shall, within 15 days after the supplemental petition is filed, examine it, and if his certificate shows that the petition is still insufficient, no action shall be taken thereon. The petition shall remain on file as a public record, and the failure to secure sufficient names shall not prejudice the filing later of an entirely new petition to the same effect."

It is the position of the respondents in their return that "Prior to accepting a recall petition (or any other petition involving initiative or referendum matters) for 'filing' the City Clerk is required merely ministerially to ascertain, by a mathematical count, the number of signatures appearing on

the document. If, in fact, there are sufficient signatures in terms of numbers (valid or invalid) the document is 'acceptable for filing' and she is deemed to have filed the documents.''

If, as respondent contends, a recall petition is acceptable for filing at the moment the clerk determines from a mathematical count that it has on its face signatures of voters in the required number, then the sections of the Elections Code respecting the procedure under which the holder of a municipal office may be recalled are meaningless. ▉ The courts will not presume the Legislature, in enacting a statute, indulged in an idle act. The presumption is that they intended the statute to have some effect. (*San Joaquin etc. Irr. Co.* v. *Stevinson,* 164 Cal. 221 [128 P. 924].) ▉ Every word, phrase, or provision is presumed to have a meaning and to perform a useful function. (*Clements* v. *T. R. Bechtel Co.,* 43 Cal.2d 227 [273 P.2d 5]; *Weber* v. *County of Santa Barbara,* 15 Cal.2d 82 [98 P.2d 492]; *Read* v. *Rahm,* 65 Cal. 343 [4 P. 111].)

▉ In our opinion, the provisions of section 27510 concerning acceptability for filing contemplate the presentation to the clerk of something more than a document, which, on its face, purports to be a recall petition and to have appended to it signatures of voters in the required number. The following cases have so held.

In *Mayock* v. *Kerr,* 216 Cal. 171 at 173 [13 P.2d 717], the Supreme Court upheld the refusal of the registrar to accept for filing and certification an initiative petition which was required to have precinct numbers thereon in this language: ''We are of the opinion that the respondent has properly refused to examine the petition and to certify the names thereon, when such precinct numbers do not appear on the face of the petition. The Constitution expressly provides in reference to referendum and initiative petitions (art. IV, § 1) that 'each signer shall add to his signature his place of residence, giving the street and number if such exist. *His election precinct shall also appear on the paper after his name*[7]. . . . This section is self-executing, but legislation may be enacted to facilitate its operation, but in no way limiting or restricting either the provisions of this section or the powers herein reserved.' Thus the Constitution itself provides that the

_____

[7]The state Constitution uses identical language with respect to recall petitions. Article XXIII, section 1. (See Elec. Code, § 46.)

precinct numbers must appear on the petition, and this must necessarily mean that such precinct numbers must appear on the petition at the time the petition is presented to the Registrar of Voters." (*Gerth* v. *Dominguez*, 1 Cal.2d 239 [34 P.2d 135]; *Ley* v. *Dominguez*, 212 Cal. 587 [299 P. 713].)

In *Bricker* v. *Banks*, 98 Cal.App. 87 [276 P. 399], the city charter limited the statement of reasons for recall to two hundred words. Each petition involved contained nearly three hundred words. In denying a writ of mandate to compel the City Clerk of Stockton to certify and file the two petitions, the court said at page 89: "It may be conceded that a recall election held in pursuance of a petition stating the reasons for the recall in somewhat more than two hundred words would not be held invalid on the mere ground that the published call for the election used too many words in stating such reasons, but in the initial stages of a proceeding for the recall of an officer, in determining the sufficiency of a petition therefor, the law certainly does not enjoin upon any officer, as a duty resulting from his office, the disregard of even a directory statute."

In *Muehleisen* v. *Forward*, 4 Cal.2d 17 [46 P.2d 969], the petitioners made no attempt to comply with the form, substance, and procedural provisions of the general law respecting the recall of municipal officers which the charter of the city adopted, and the court said at page 20: "*It is impossible to hold that the proceedings under review were valid.* The question is not of strict or liberal construction, nor is the case one of immaterial or unsubstantial departure from formal requirements. The charter provision is clear and requires no interpretation; and the requirements which were not followed are among the most important elements of the recall system established by the statute." (Italics added.) Signatures obtained before the recall petition is eligible for circulation (§ 27507) or signatures without dates are invalid. (*Thompson* v. *Kerr*, 16 Cal.2d 130 [104 P.2d 1021]; *Uhl* v. *Collins*, 217 Cal. 1 [17 P.2d 99, 85 A.L.R. 1370].)

"The petition" presented to the clerk for filing should be in form and substance a recall petition. A recall petition should have on its face these distinctive features: Copy of notice of intention, statement and answer, or statement that incumbent has not answered (§§ 27504, 27507); signatures with date of signing, residence address, and respective precincts (§ 27508); affidavits in due form (§ 27509); and signatures of voters in the required numbers (§§ 27501, 27510).

The clerk can readily ascertain whether the petition presented for filing under section 27510 meets these requirements by the simple processes of reading, comparing the document presented with the notices previously filed with the clerk, and mathematical computation. The fact and date of publication (a fact as to which the law does not require notice to be filed) can be ascertained by the equally simple process of asking a question and demanding proof. We conclude: (1) that, in order for there to be a ''petition'' within the meaning of section 27510, all of the statutory conditions precedent, including publication, must have been complied with; and (2) that it is the duty of the clerk, before accepting a tendered document for filing and verification of signatures, to determine that all of those statutory conditions have, in fact, been met.

The only person charged by the Elections Code with receiving, filing and examining any documents or petitions relating to the recall of municipal officers is the clerk of the legislative body. The clerk, by virtue of documents previously required to be filed (§§ 27504-27506), is the only municipal official able to ascertain whether the petition offered for filing is in form and substance a ''recall petition'' and timely presented. When the recall of the clerk of the legislative body is involved ''. . . the duties imposed on him by this chapter (div. 14, chap. 3) shall be performed by some other person designated by the legislative body. . . .'' (§ 27503.) ▮ The Legislature, by the provisions of the Elections Code for the recall of municipal officers, obviously imposed the duty of ascertaining whether a recall petition qualifies for filing on the clerk of the legislative body.[8]

Section 27504 prohibits the affixing of signatures to the petition until the proponents have served, filed, and published a notice of intention to circulate a recall petition. The petition, under section 27507, may not be circulated or signed until seven days after publication or posting of the notice, statement and answer, if any. ▮ The publication of the notice cannot be dispensed with where a statute prescribes a method of procedure and requires publication of a notice as a condition precedent. (*Hurst* v. *City of Burlingame*, 207 Cal. 134 [277 P. 308].) While the foregoing case involved proceedings

[8]Section 27520 provides: ''This chapter does not apply to cities having a charter, adopted under the provisions of Section 8 of Article XI of the Constitution, and having in that charter provisions for the recall of elective officials by the voters.''

for the disincorporation of a city and an initiative petition, the requirement of publication of notice before circulating that petition is also found in the Elections Code (§ 4002) and is substantially the same as the requirement for publication before circulation of the petition in case of a recall proceeding. An unpublished petition cannot qualify as a recall petition. The filing by the clerk of a petition for the recall of a municipal officer that did not conform to the publication requirements of the Elections Code would be a useless and idle act. It would require the clerk to examine signatures with the records of registration from an invalid petition rather than a petition which subsequently may be deemed insufficient. (*Muehleisen* v. *Forward, supra,* 4 Cal.2d 17.)

This was the position originally taken by the clerk and the city attorney of Maywood. That they did not consider the petitions of January 10, 1966, acceptable for filing, is evidenced by the letter of the city attorney and the return of the petitions by the city clerk. The petitions on their face purported to have appended signatures of voters in the required numbers at the time they were presented to the city clerk as acceptable for filing and evidently, except for publication, complied in all other particulars with the pertinent provisions of the Elections Code for the recall of municipal officers. There is no provision in the Elections Code for a conditional filing of a recall petition or the return of a petition that has been filed. The returned petitions did not have any certificate attached to them showing the result of the clerk's examination (§ 27510), as that examination was never completed. There was no original petition on file, and the petitioners were therefore deprived of the right given them under section 27510 to circulate a supplemental petition, in form a duplicate of the original petition, for the purpose of obtaining the additional signatures needed. (§ 27511.) In our opinion this was not a filing of a recall petition which would prohibit a new petition from being filed for a period of six months.

However, whether the petitions of January 10, 1966, were retained and filed in the office of the city clerk or returned to the petitioners is not determinative of our holding. We are confronted with resolving the apparent conflict between sections 27500 and 27511. The statement in 27511 concerning the nonprejudice of *filing later an entirely new petition to the same effect* must be considered in relation to the prohibition in section 27500 which declares: "Proceedings may not be commenced against the holder of an office unless, at

the time of commencement, the holder has held the office for at least six months and *no recall petition has been filed against such holder within the preceding six months.*'' (Italics added.)

The clerk is required to ascertain from the records of registration whether or not the recall petition is signed by the requisite number of voters. The result of the examination is evidenced by his certificate attached to the petition showing the petition to be sufficient or insufficient. A petition certified as sufficient is transmitted to the legislative body of the city and a special election is ordered.[9] This is the ultimate purpose for which the recall statutes were enacted. As was said in *Reites* v. *Wilkerson,* 99 Cal.App.2d 500 at 502 [222 P.2d 81]: ''The courts are ever mindful of the desirability of having recall petitions presented to the people through election without delay or excessive expenditure of time, money, and effort (*Gage* v. *Jordan,* 23 Cal.2d 794, 799 [147 P.2d 387]).

█ And legislation affording the people a right to initiate legislation, repeal legislation or recall a public official is to be given the same liberal construction as that extended to election statutes generally.'' █ In our opinion *it is the filing of a recall petition which eventuates in the calling and holding of a recall election for the removal of a particular municipal officer that is referred to in section 27500, and prohibits the filing for six months of a petition to the same effect.*

If the clerk's certificate shows the petition to be insufficient, the proponents are granted 15 days to file a supplemental petition, in form a duplicate of the original petition. (§ 27510.)

If the supplemental petition, after examination, does not contain additional signatures of voters in the required number, and the clerk's certificate shows the petition is still insufficient, no action is taken thereon. The petition remains on file as a public record, and the failure to secure sufficient names does not prejudice the filing later of an entirely new petition to the same effect. (§ 27511.)

Section 27511 is concerned primarily with an examination of a supplementary petition which the clerk by his certificate shows is insufficient. The language of the section is quite clear. We do not find any ambiguity in the phrase, ''and the failure to secure sufficient names shall not prejudice the filing later of an entirely new petition to the same effect.'' These words

---

[9]If a regular municipal election is to occur not more than ninety nor less than sixty days from the date of the order, the legislative body may order the special election to be held on the day of the regular election. (§ 27513.)

have a well known and definite meaning. "Filing later" does not denote the passing of any specific interval of time. It could be one second or ten years. It is evidently the holding of frequent special elections which the law is seeking to prevent rather than the filing of successive recall petitions which the clerk may find insufficient.

 To hold the clerk must accept for filing any petition which on its face purports to have appended to it signatures of voters in the required number, although it does not qualify in substantial particulars as a recall petition, or to hold that a recall petition certified by the clerk as insufficient prohibits the filing of a new petition to the same effect for a period of six months would result in the following absurd and unjust results. "An absurd and unjust result will never be ascribed to the legislature, nor will it be presumed that it used inconsistent provisions on the same subject." (45 Cal.Jur.2d 613, § 99.) The clerk would be required to waste public time, effort, and funds[10] by checking names from an invalid or patently insufficient recall petition. A petition certified as insufficient would exclude the recall of an unfaithful or unscrupulous municipal officer for a period of 10 to 12 months;[11] and a confederate of such an officer could prevent a recall indefinitely by seriatim recall filings of invalid or insufficient petitions. The failure or inability of one citizen to have a filed recall petition certified as sufficient would prohibit the right of any other citizen to commence proceedings for the recall of a municipal officer for a period of six months. We do not believe the Legislature intended such an unfair and inequitable result. In our opinion any filed recall petition bearing the clerk's certificate of insufficiency does not prohibit the filing of a new petition to the same effect for six months or any other particular time interval.

Let a peremptory writ of mandate issue, requiring respondent city council to order an election for the recall of Councilman Kearney and Councilwoman Anderson in accordance with the provisions of section 27513 of the Elections Code and

[10]Section 27512 provides: "If requested by the clerk, the legislative body of the city shall authorize the clerk to employ additional assistants to examine the petition and supplemental petition and shall provide for their compensation."

[11]This estimate takes into consideration 60 days for signatures and filing; 15 days for clerk to check original petition; 15 days to file supplemental petition if original found insufficient; 15 days to check supplemental petition; 60 to 75 days or possibly more for calling of special election; and the six-month prohibitory period.

further requiring respondents to proceed with the holding of such election in accordance with law.

Files, P. J., and Kingsley, J., concurred.

A petition for a rehearing was denied October 5, 1966. Respondents' petition for a hearing by the Supreme Court was denied November 9, 1966. Burke, J., did not participate therein.