[No. AO20712. First Dist., Div. Two. June 22, 1983.]

ANN DANNER, Plaintiff and Appellant, v.
JOHN JARRETT et al., Defendants and Respondents.

**COUNSEL**

Charles R. Dean, Jr., and Hoge, Fenton, Jones & Appel for Plaintiff and Appellant.

David H. Spencer for Defendants and Respondents.

**OPINION**

**ROUSE, J.**—Lessor Ann Danner appeals from the judgment which denies her damages pursuant to Civil Code section 1951.2 on the ground that a forfeiture of the lease was declared in her previous unlawful detainer action against lessees John and Mary Jarrett.

On September 10, 1979, the parties executed a lease in excess of 10 years for commercial property. Respondents took possession on November 1, 1979. Shortly thereafter disputes over the payment of rent and late charges arose. In January 1980, appellant filed an unlawful detainer action. Judgment and amended judgment were entered in appellant's favor for rent and damages due, the lease was declared forfeited and respondents' application for relief from forfeiture was denied. On appeal, the judgments were affirmed by Division Four of this court.

On July 8, 1980, appellant filed the instant action seeking damages in addition to those she recovered in the unlawful detainer judgment. She contended that pursuant to Civil Code section 1951.2, subdivision (a)(3) and paragraph 25(b) of the lease, she was entitled to recover prospective damages for the unpaid rent for the balance of the term of the lease less what she recovered by reletting the premises. The trial court ruled that her damages were limited to the reasonable rental value of the property from the date of the unlawful detainer judgment until the date respondents vacated the property on June 23, 1980, and that appellant was not entitled to the relief provided under Civil Code section 1951.2 since a forfeiture of the lease was declared in the prior unlawful detainer action. The trial court entered judgment accordingly.

■ Appellant contends that the unlawful detainer judgment which declares the lease forfeited is not a bar to her recovery under Civil Code section 1951.2. Appellant's interpretation of the statute finds support in the legislative committee comment to section 1951.2. (Legis. committee com. to Civ. Code, § 1951.2, 10 West's Ann. Civ. Code (1983 pocket pt.) pp. 112-113; Deering's Ann. Civ. Code (1981 ed.) p. 515 et seq.) These comments were summarized in *Sanders Construction Co.* v. *San Joaquin First Fed. Sav. & Loan Assn.* (1982) 136 Cal.App.3d 387, 398-399 [186 Cal.Rptr. 218]: "Acting pursuant to a recommendation of the California Law Revision Commission, the Legislature enacted Civil Code section 1951.2 in 1970. (1 Assem. J. (1970 Reg. Sess.) p. 626.) We set it forth in the margin.[1] It is an admirable attempt to engraft the contract remedy of loss of bargain onto real property law. (Recommendation Relating to Real Property Leases (Nov. 1969) 9 Cal. Law Revision Com. Rep. (1969) appen. IV, pp. 157-163.) *It abrogates the common law rule that the lessee's obli-*

---

[1] "(a) Except as otherwise provided in Section 1951.4, if a lessee of real property breaches the lease and abandons the property before the end of the term or if his right to possession is terminated by the lessor because of a breach of the lease, the lease terminates. Upon such termination, the lessor may recover from the lessee:

"(1) The worth at the time of award of the unpaid rent which had been earned at the time of termination;

"(2) The worth at the time of award of the amount by which the unpaid rent which would have been earned after termination until the time of award exceeds the amount of such rental loss that the lessee proves could have been reasonably avoided;

"(3) Subject to subdivision (c), the worth at the time of award of the amount by which the unpaid rent for the balance of the term after the time of award exceeds the amount of such rental loss that the lessee proves could be reasonably avoided; and

"(4) Any other amount necessary to compensate the lessor for all the detriment proximately caused by the lessee's failure to perform his obligations under the lease or which in the ordinary course of things would be likely to result therefrom.

"(b) The 'worth at the time of award' of the amounts referred to in paragraphs (1) and (2) of subdivision (a) is computed by allowing interest at such lawful rate as may be specified in the lease or, if no such rate is specified in the lease, at the legal rate. The worth at the time of award of the amount referred to in paragraph (3) of subdivision (a) is computed by discounting such amount at the discount rate of the Federal Reserve Bank of San Francisco at the time of award plus 1 percent.

"(c) The lessor may recover damages under paragraph (3) of subdivision (a) only if:

"(1) The lease provides that the damages he may recover include the worth at the time of award of the amount by which the unpaid rent for the balance of the term after the time of award, or for any shorter period of time specified in the lease, exceeds the amount of such rental loss for the same period that the lessee proves could be reasonably avoided; or

"(2) The lessor relet the property prior to the time of award and proves that in reletting the property he acted reasonably and in a good-faith effort to mitigate the damages, but the recovery of damages under this paragraph is subject to any limitations specified in the lease.

"(d) Efforts by the lessor to mitigate the damages caused by the lessee's breach of the lease do not waive the lessor's right to recover damages under this section.

"(e) Nothing in this section affects the right of the lessor under a lease of real property to indemnification for liability arising prior to the termination of the lease for personal injuries or property damage where the lease provides for such indemnification." (Added by Stats. 1970, ch. 89, § 2, p. 104, operative July 1, 1971.)

*gation to pay rent depends on the continued existence of the term.* It encourages the lessor to mitigate damages by no longer requiring the reletting of the property to be for the benefit of the lessee. Its formula for damages permits the lessee to prove what rental loss could have been avoided. *It provides for discounting unpaid future rent to present value.* (2 Assem. J. (1970 Reg. Sess.) pp. 3040-3044 . . . .)" (Italics supplied.) See also 3 Witkin, Summary of Cal. Law (8th ed. 1973) Real Property, § 518, pp. 2191-2193.)

Appellant's interpretation of section 1951.2 is reinforced by the Law Revision Commission comment to Civil Code section 1951.4. Section 1951.4 prescribes a remedy which must be incorporated in the lease itself. The comment states: "The availability of a remedy under this section [1951.4] does not preclude the lessor from terminating the right of a defaulting lessee to possession of the property and then utilizing the remedy provided by Section 1951.2." (Cal. Law Revision Com. com. to Civ. Code, § 1951.4, 10 West's Ann. Civ. Code (1983 pocket pt.) p. 117; Deering's Ann. Civ. Code (1981 ed.) p. 523.)

Our conclusion that the lessor is not precluded from terminating the right of a defaulting lessee to possession of the property and then recovering damages pursuant to Civil Code section 1951.2 is further supported by the legislative history of Code of Civil Procedure section 1174.5, which provides: "A judgment in unlawful detainer declaring the forfeiture of the lease or agreement under which real property is held shall not relieve the lessee from liability pursuant to Section 1951.2 of the Civil Code." Section 1174.5, which was enacted by the 1982 Legislature (Stats. 1982, ch. 488, § 1, eff. Jan. 1, 1983), was part of a legislative package recommended by the 1981 Conference of Delegates of the State Bar of California. The State Bar Committee on Administration of Justice supported the resolution sponsored by the Orange County Bar Association and concluded that the Legislature intended that the relief afforded by Civil Code section 1951.2 should survive a forfeiture declared under Code of Civil Procedure section 1174. When Assembly Bill No. 3552, the progenitor of section 1174.5, was introduced in the Assembly Committee on Judiciary, the description of the bill's subject stated: "This bill is intended to *maintain* a landlord's ability to recover damages even where an unlawful detainer judgment declares a forfeiture of the lease." (Italics supplied.) We conclude that the bill was enacted to insure that the original legislative intent of section 1951.2 as expressed in the Law Revision Commission Report was effectuated. *Vasey v. California Dance Co.* (1977) 70 Cal.App.3d 742, 748 [139 Cal.Rptr. 72], also recognizes that an unlawful detainer proceeding is not a bar to a subsequent action for damages.

The judgment is reversed and the cause remanded for proceedings consistent with the views expressed herein.

Kline, P. J., and Miller, J., concurred.

A petition for a rehearing was denied July 20, 1983, and respondents' petition for a hearing by the Supreme Court was denied September 29, 1983.