[No. B001095. Second Dist., Div. Seven. Feb. 21, 1985.]

CALIFORNIA SAFETY CENTER, INC., Plaintiff and Appellant, v.
JAX CAR SALES OF CALIFORNIA, INC., Defendant and Respondent.

COUNSEL

Albert Tragerman for Plaintiff and Appellant.

James K. Mitsumori, Gerald K. Kitano and David M. LaSalle for Defendant and Respondent.

OPINION

**JOHNSON, J.**—This appeal challenges the trial court's modification of judgment pursuant to Code of Civil Procedure section 662 whereby the court reduced the award of damages that had been granted pursuant to Civil Code section 1951.2 from $7,915 to $915.[1] The central issue on appeal is

---

[1] Civil Code section 1951.2 provides in relevant part: "(a) Except as otherwise provided in Section 1951.4, if a lessee of real property breaches the lease and abandons the property before the end of the term or if his right to possession is terminated by the lessor because of a breach of the lease, the lease terminates. Upon such termination, the lessor may recover from the lessee:

"(1) The worth at the time of award of the unpaid rent which had been earned at the time of termination;

"(2) The worth at the time of award of the amount by which the unpaid rent which would have been earned after termination until the time of award exceeds the amount of such rental loss that the lessee proves could have been reasonably avoided;

"(3) Subject to subdivision (c), the worth at the time of award of the amount by which the unpaid rent for the balance of the term after the time of award exceeds the amount of such rental loss that the lessee proves could be reasonably avoided;

"  . . . . . . . . . . . . . . . . . .

"(c) The lessor may recover damages under paragraph (3) of subdivision (a) only if:

"(1) The lease provides that the damages he may recover include the worth at the time of award of the amount by which the unpaid rent for the balance of the term after the time of award, or for any shorter period of time specified in the lease, exceeds the amount of such rental loss for the same period that the lessee proves could be reasonably avoided; or

"(2) The lessor relet the property prior to the time of award and proves that in reletting the property he acted reasonably and in a good-faith effort to mitigate the damages, but the recovery of damages under this paragraph is subject to any limitations specified in the lease."

whether the trial court erred when in applying Civil Code section 1951.2, it interpreted "at the time of award" as used in that section to mean at the time of the award of the prior unlawful detainer judgment rather than at the time of the award of judgment pursuant to the Civil Code section 1951.2 action itself.[2] Because we find the trial court erred in its interpretation of this statute, the trial court's modification of judgment is reversed.

## I. FACTS AND PROCEEDINGS BELOW

On or about February 6, 1979, the appellant California Safety Center, Inc. the "lessor" and the respondent Jax Car Sales of California, Inc. the "lessee" entered into a written five-year lease agreement of commercial real property commencing on February 15, 1979. The lessee failed to pay rent for the period of June 1, 1980, through June 30, 1980, and as a result, on July 1, 1980, the lessor served the lessee with a three-day notice to pay rent or quit. Due to the lessee's subsequent inaction, the lessor commenced an action for unlawful detainer against the lessee.

The lessor prevailed in the unlawful detainer action and judgment was entered on November 3, 1980. The lessor was awarded restitution and possession of the property, damages for past rent due, and attorney's fees.

The lessor was not able to relet the property until on or about January 2, 1981, with the lease to begin on January 16, 1981. On January 16, 1981, the lessor filed a second suit against the lessee pursuant to Civil Code section 1951.2 seeking recovery of unpaid rent from October 1, 1980, to January 15, 1981, and costs and expenses incurred in reletting the property. The case came to trial on March 25, 1982. The lessor also prevailed in this action and judgment was entered on May 5, 1982. The lessor was awarded damages in the sum of $7,915. Of this amount, $7,000 represented unpaid rent and $915 represented the cost and expense of reletting the premises.

On June 2, 1982, the lessee filed a motion for judgment notwithstanding the verdict. The lessee, characterizing the $7,000 as damages for future unpaid rent, alleged the lessor was not entitled to such a recovery because the lessor did not meet the statutory requirements of Civil Code section 1951.2, subdivision (c) which set forth the conditions to such a recovery. The lessee's motion was granted and the judgment was modified reducing the award of damages from $7,915 to $915. Crucial to the granting of this motion was the trial court's acceptance of the lessee's interpretation of the language "at the time of award" as used in section 1951.2 to refer to the time of award of the unlawful detainer judgment. As a result of this modi-

---

[2]Hereinafter all section references are to the Civil Code unless otherwise indicated.

fication, the lessor was only awarded damages for the cost and expense of reletting the property.

On November 5, 1982, the lessor appealed the trial court's modification of the May 5, 1982, judgment alleging the trial court erred in its interpretation of Civil Code section 1951.2. The lessor seeks reinstatement of the prior judgment.

II. THE TRIAL COURT ERRED IN MODIFYING ITS PRIOR JUDGMENT SINCE UNDER CIVIL CODE SECTION 1951.2 THE APPELLANT WAS PROPERLY ENTITLED TO RECOVER DAMAGES FROM THE TIME THE LEASE WAS TERMINATED UNTIL THE TIME THE PROPERTY WAS RELET.[3]

█ The lessor argues the statutory language contained in section 1951.2, "at the time of award," does not refer to at the time of the award of the unlawful detainer judgment and thus the judge erred in its modification of the prior judgment as a result of this interpretation. Based on prior decisional law which has discussed section 1951.2 and an examination of the statute itself, we agree.

█ The legislative purpose for enacting section 1951.2 was discussed in *Sanders Construction Co. v. San Joaquin First Fed. Sav. & Loan Assn.* (1982) 136 Cal.App.3d 387 [186 Cal.Rptr. 218], a case in which the lessor landowner sued the lessee for failure to perform a contract under which the lessee had agreed to construct a building on the lessor's land and the lessor had agreed in return to lease a major portion of the building to the lessee. As the court stated. "*It [section 1951.2] is an admirable attempt to engraft the contract remedy of loss of bargain onto real property law.* (Recommendation Relating to Real Property Leases (Nov. 1969) 9 Cal. Law Revision Com. Rep. (1969) Appendix IV, pp. 157-163.) *It abrogates the common law rule that the lessee's obligation to pay rent depends on the continued existence of the term.* It encourages the lessor to mitigate damages by no longer requiring the reletting of the property to be for the benefit of the lessee. Its formula for damages permits the lessee to prove what rental loss could have been avoided. It provides for discounting unpaid future rent to present value. (2 Assem. J. (1970 Reg. Sess.) pp. 3040-3044 [reprinted as legis. committee com.—Assem. to Civil Code, § 1951.2, 10 West's Ann.Civ. Code (1982 pocket supp.) pp. 110-111].)" (Italics added.) (*Sand-*

---

[3]Our subsequent discussion focuses on the application of this statute when a lease has been terminated via an unlawful detainer action. We recognize section 1951.2 is also applicable when termination is the result of an abandonment.

*ers Construction Co. 4v. San Joaquin First Fed. Sav. & Loan Assn., supra,* 136 Cal.App.3d at p. 398-399.)[4]

This section was also analyzed in *Danner* v. *Jarrett* (1983) 144 Cal.App.3d 164 [192 Cal.Rptr. 535]. In that case, the parties had entered into a long-term lease of commercial property. Due to subsequent disputes over rent payments and late charges, the lessor filed an unlawful detainer action. The lessor was successful and was awarded rent and damages due and the lease was declared forfeited. After this action, the lessor filed a suit pursuant to section 1951.2 seeking damages which accrued subsequent to the unlawful detainer action and the lessor's repossession of the property. The trial court ruled, however, the lessor was limited to the rental value of the property from the date of the unlawful detainer judgment until the date the lessees vacated the property.

The appellate court reversed, holding the termination of a lessee's right to possession via an unlawful detainer proceeding is not a bar to a subsequent action for damages under section 1951.2. (*Danner* v. *Jarrett, supra,* 144 Cal.App.3d at pp. 166-167.) In reaching this conclusion, the court discussed with approval *Sanders Construction Co.* v. *San Joaquin First Fed. Sav. & Loan Assn., supra,* and that court's discussion of the legislative intent behind the section. The court also looked to Code of Civil Procedure section 1174.5 and its legislative history. This section, enacted in 1982, provides: "A judgment in unlawful detainer declaring the forfeiture of the lease or agreement under which real property is held shall not relieve the lessee from liability pursuant to Section 1951.2 of the Civil Code." The court concluded "the bill was enacted to insure that the original legislative intent of section 1951.2 as expressed in the Law Revision Commission Report was effectuated." (*Id.,* at p. 167.)[5]

---

[4]The California Law Revision Commission discussed the remedies prior to the enactment of section 1951.2 which had been available to a lessor when a lessee committed a material breach of the lease warranting its termination:

"(1) He [the lessor] may treat the breach as only partial, decline to terminate the lease, and sue for the damages caused by the particular breach. If he does so, however, he obviously is continuing to deal with a lessee who has proven unsatisfactory.

"(2) He may terminate the lease and force the lessee to relinquish the property, resorting to an action for unlawful detainer to recover possession if necessary. In such a case, his right to the remaining rent due under the lease ceases upon the termination of the lease. (Cite omitted.)

"(3) Under some circumstances, he may decline to terminate the lease but still evict the lessee and relet the property for the account of the lessee. (Cites omitted.)" (Recommendation Relating to Real Property Leases (1969) 9 Cal. Law Revision Com. Rep. Appendix IV, pp. 158-159.)

[5]The trial court in reaching its decision to grant the lessee's motion in the case at bar apparently took the position all damage claims should be wound up at the time of the unlawful detainer award. However, the California Law Revision Commission expressly stat-

In the case at bar, the lessor was originally awarded damages representing rent payments for the months the lessor was unable to relet the property. The lessor was also compensated for the costs associated with reletting the property. The lessee does not challenge the latter award. However, as in its motion for judgment notwithstanding the verdict, the lessee contends the lessor was not entitled to the former award because under section 1951.2, subdivision (a)(3), a lessor is entitled to an award of damages for future unpaid rent subject to the conditions of 1951.2, subdivision (c), conditions which the lessor did not satisfy. Essential to the success of lessee's argument is the contention the statutory language "at the time of award" refers to the time of the unlawful detainer award. Under this interpretation, the lessor indeed did not meet the requirements of 1951.2, subdivision (c)(2) which condition the recovery of future rents either on a provision in the lease itself which provides for such recoveries or on the lessor's reletting of the property prior to the time of the award. There was no such provision in the lease and the lessor did not relet the property until well after the unlawful detainer action was completed. The trial court expressly accepted this interpretation. However we disagree with this reading of the statute.

An examination of the statute itself demonstrates the language "at the time of award" refers not to the time of the unlawful detainer award but to the time of the award under section 1951.2. The correctness of this latter interpretation is borne out most clearly by examining section 1951.2, subdivision (a)(2).[6] Under the lessee's interpretation, inserting "unlawful detainer" in front of "award," section 1951.2, subdivision (a)(2) would read as follows, "The worth [at the time of the unlawful detainer award] of the amount by which the unpaid rent which could have been earned after termination until [the time of the unlawful detainer award] exceeds the amount of such rental loss that the lessee proves could have been reasonably avoided." The lessee acknowledges "after termination" as used in the statute in this context means after the termination of the lease pursuant to the unlawful detainer award. Thus, if the lessee were correct 1951.2, subdivision (a)(2) provides for the award of damages consisting of the unpaid rent which could

---

ed: "The lessor's right to recover damages for loss of the benefits of the lease *should be independent* of his right to bring an action for unlawful detainer to recover the possession of the property. The damages should be recoverable in a separate action *in addition to* any damages recovered as part of the unlawful detainer action. Of course, the lessor should not be entitled to recover twice for the same items of damages." (Italics added.) (Recommendation Relating to Real Property Leases, *supra*, 9 Cal. Law Revision Com. Rep. at p. 162; see also p. 168.)

As discussed above, Civil Code section 1174.5 was specifically enacted to effectuate this legislative intent.

[6]As discussed in more detail *infra*, section 1951.2, subdivision (d)(2) is in fact the subdivision which justifies the lessor's challenged award.

have been earned *after the termination of the lease pursuant to the unlawful detainer award until the time of the unlawful detainer award.* Unless the lessee contends the legislature intended to base this subdivision on a revolutionary conception of time, it is meaningless under the lessee's interpretation. ■ Statutes are to be interpreted so as to avoid absurd results. (*In Re Marriage of Cary* (1973) 34 Cal.App.3d 345, 352 [109 Cal.Rptr. 862], disapproved on other grounds in *Marvin* v. *Marvin* (1976) 18 Cal.3d 660 [134 Cal.Rptr. 815, 557 P.2d 106]; *Moore* v. *City Council* (1966) 244 Cal.App.2d 892, 902 [53 Cal.Rptr. 603].)[7] Clearly the award which the language of the statute refers to is not the award in the unlawful detainer action but the award under section 1951.2 itself. Under this interpretation, the legislative scheme is logically comprehensible and in keeping with the purpose behind this legislative scheme, to engraft the contract remedy of loss of bargain onto real property law. Thus, section 1951.2, subdivision (a)(1) concerns unpaid rent which had been earned up to the time of termination of the lease pursuant to an unlawful detainer action or abandonment. Section 1951.2, subdivision (a)(2) concerns unpaid rent accruing between the termination of the lease and the time of judgment pursuant to section 1951.2 itself. Section 1951.2, subdivision (a)(3) concerns unpaid rent which accrue after the section 1951.2 judgment until the term of the lease expires. This third category of damages must be discounted to the

---

[7]Under the lessee's interpretation, section 1951.2, subdivision (c)(2) would only be satisfied if the lessor relet the property prior to the unlawful detainer award. Since a lessee is entitled to remain in possession of the property until a judgment against him has been rendered in such an action, it would only be in the rare case that a lessee abandoned the property prior to a judgment in the unlawful detainer action and the lessor immediately relet that this subdivision would be satisfied. Furthermore, satisfaction of 1951.2, subdivision (c)(2) would be even more limited since an unlawful detainer action can not even be brought if the lessee vacates the premises and surrenders possession prior to the filing of a complaint. (*Briggs* v. *Electronic Memories & Magnetics Corp.* (1975) 53 Cal.App.3d 900, 906 [126 Cal.Rptr. 34].) We do not find the result compelled by the lessee's interpretation in keeping either with the purpose of section 1951.2 overall or, as discussed *infra*, with the purpose of this particular subdivision.

Furthermore, although not before this court, when there has been an abandonment by the lessee so that an unlawful detainer action need not or cannot be brought, there is no other possible "time of award" except the award of judgment in the 1951.2 action itself. As section 1951.3, subdivision (a) expressly states, ". . . the lease shall terminate if the lessor gives written notice of his belief of abandonment . . . and the lessee fails to give the lessor written notice, prior to the date of termination specified in the lessor's notice . . . ." Under this section, no tribunal judgment is necessary before a lease can be terminated as the result of an abandonment. Since the only time of award in the abandonment context is in the 1951.2 action itself, it is this action that the statutory language must refer to.

At oral argument, the respondent suggested the meaning of "at the time of award" varied depending on whether termination resulted from an abandonment or resulted from an unlawful detainer action. In addition, in an attempt to make the statute logically comprehensible, the respondent argued section 1951.2, subdivision (a)(1) applied when there had been a termination resulting from an unlawful detainer action while subdivision (a)(2) applied when there had been a termination resulting from an abandonment. We find no support for these interpretations either in the statute itself or in the legislative history.

present value of the future unpaid rent. This was also the interpretation given by the court in *Sanders Construction Co.* v. *San Joaquin First Fed. Sav. & Loan Assn., supra,* 136 Cal.App.3d at p. 400.

As discussed above, the challenged damage award concerned unpaid rent which accrued after termination of the lease until the property was relet. The reletting of the premises had occurred before the time of the award in the 1951.2 action. Thus there was in fact no award of future rents in this case and section 1951.2, subdivision (c) does not come into play at all.[8] The damage award falls squarely within section 1951.2, subdivision (a)(2).

For the foregoing reasons, we hold the trial court erred in granting the lessee's motion for judgment notwithstanding the verdict.

### DISPOSITION

The trial court's original judgment granting the lessor damages of $7,915 is reinstated.

Lillie, P. J., and Thompson, J., concurred.

---

[8]It should be noted under the lessee's interpretation, all unpaid rents after the termination of a lease resulting from an unlawful detainer action would be treated as future rents and the lessor's attempt to recover such rents would be subject to section 1951.2, subdivision (c). This position misconstrues the purpose of this latter section. This provision which, as discussed *supra,* restricts the award of future rents provided under section 1951.2, subdivision (a)(3) apparently was implemented out of fear a landlord would win a judgment for damages for the remainder of the lease and then relet the lease to another tenant, in essence receiving a double award. (Comment, *Landlord-Tenant Legislation: Revising an Old Common Law Relationship* (1971) 2 Pacific L.J. 259, 267.) Thus, the concern was with potential future actions taken by the lessor. However, such a similar concern cannot possibly be present with respect to the time period between the termination of the lease and the judgment pursuant to the 1951.2 action since by the time of the judgment in the 1951.2 action there are no future events that may yet transpire. Thus it makes no sense that the Legislature would have imposed the limitations of 1951.2, subdivision (c) to this time frame.